(No. 90433

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lee, v. WILLIE BALDWIN, Appellant.

*Opinion filed February 7, 2002.*

2

Rita A. Fry, Public Defender, of Chicago (Z. Peter To-katlian, Assistant Public Defender, of counsel), for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb, Veronica X. Calderon and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People.

JUSTICE KILBRIDE delivered the opinion of the court:

In March 1999, the State charged defendant with four counts of home invasion. 720 ILCS 5/12—11(a) (West 1998). Following a bench trial, the trial court rendered a general finding acquitting defendant on all four counts but found him guilty of aggravated unlawful restraint (720 ILCS 5/10—3.1 (West 1998)) and aggravated assault (720 ILCS 5/12—2(a)(1) (West 1998)). Defendant filed a motion for a new trial, arguing that the trial court erroneously convicted him of the uncharged crimes. The trial court denied defendant's motion and sentenced defendant to five years' imprisonment on the aggravated unlawful restraint finding. The trial court imposed no sentence for the aggravated assault finding.

Defendant appealed and the appellate court affirmed. No. 1—99—2312 (unpublished order under Supreme Court Rule 23). We granted defendant's petition for leave to appeal. On appeal to this court, defendant argues that his conviction must be vacated because the charging instrument did not sufficiently identify aggravated unlawful restraint as a lesser-included offense of home invasion. We agree and reverse.

## BACKGROUND

The alleged victim, Donna Roberts, testified that she and defendant lived together intermittently from 1991 through 1999. In January 1999, defendant and Roberts became involved in an altercation that led to defendant's arrest and imprisonment. An order of protection was also issued against defendant.

Roberts claimed sole ownership of the home she formerly shared with defendant. According to Roberts, in March 1999, she and a friend, Willie Jackson, returned to her home after shopping. Upon arriving, Roberts noticed that her burglar alarm had been triggered. She and Jackson entered the house and searched for intrud-

ers. Jackson remained in the living room while Roberts checked the basement.

Roberts claimed that she discovered defendant in the basement. According to Roberts, defendant grabbed her while wielding a butcher knife and dragged her up the stairs. He ordered Jackson out of the house and away from "his woman." Jackson left immediately and went to call the police.

Roberts claimed that defendant spent several minutes talking to her and dragging her through the house. During this conversation, defendant repeatedly threatened Roberts and asked her why she called the police on him during the January 1999 altercation that led to defendant's incarceration until that day.

Chicago police officers arrived and rang the doorbell. Defendant answered the door and, standing beside Roberts, told the officers that she was all right and that he had not done anything to her.

Officer Victoria Barber testified that defendant tried to close the door while holding Roberts by the arm. Barber put her foot in the way. Barber then separated them by insisting on speaking to defendant outside. After speaking with defendant outside, Barber walked back into the house to interview Roberts. According to Barber, Roberts look scared. Roberts hunched over, kept her head down, and barely spoke. Mindful that the police dispatch indicated that defendant was armed with a knife, Barber searched the vicinity of the front door. She discovered a butcher knife beneath the seat cushion of a chair placed approximately two feet from the front door. She placed defendant in custody.

Defendant also testified. He claimed that he went to the house after his release from jail for the sole purpose of retrieving some clothes to wear. Defendant testified, and Roberts admitted, that Roberts served time in jail for a felony drug conviction. According to defendant,

Roberts had quitclaimed the house to him and he resided there while Roberts was incarcerated. He testified that he entered the home with his own key.

He denied pulling a knife on Roberts or threatening her. He indicated he was arrested while seated on the couch. He admitted knowing of the order of protection, but stated that he simply went to the house to get his clothes.

Following a review of the evidence, the trial court acquitted defendant on all four home invasion counts but found him guilty of aggravated unlawful restraint and aggravated assault. Defendant filed a motion for a new trial, arguing that the trial court erroneously convicted him of the uncharged crimes. The trial court denied defendant's motion and sentenced defendant to five years' imprisonment on the aggravated unlawful restraint finding. The trial court imposed no sentence for the aggravated assault finding.

Defendant appealed, arguing that neither aggravated unlawful restraint nor aggravated assault are lesser-included offenses to home invasion. In a two-page summary order, the appellate court held that it could not review defendant's conviction for aggravated assault because the trial court did not impose sentence. Absent a sentence, a conviction is not a final and appealable judgment. *People v. Flores*, 128 Ill. 2d 66, 95 (1989). On that basis, the appellate court partially dismissed defendant's appeal. With respect to the aggravated unlawful restraint finding, the appellate court found that the charging instrument sufficiently alleged the elements of aggravated unlawful restraint to make that charge a lesser-included offense of home invasion.

## ANALYSIS

On appeal to this court, defendant argues that his conviction for aggravated unlawful restraint must be vacated because the charging instrument did not suf-

ficiently identify aggravated unlawful restraint as a lesser-included offense of home invasion. He does not challenge the propriety of the trial court's aggravated assault finding. For the reasons that follow, we agree that defendant's conviction for aggravated unlawful restraint must be reversed.

Generally, a defendant cannot be convicted of an offense that was never alleged. *People v. Jones*, 149 Ill. 2d 288, 292 (1992). This court, however, has recognized a two-tiered exception to this general rule. First, a defendant can be properly convicted of an uncharged offense when the uncharged offense is identified by the charging instrument as a lesser offense of the one charged. Second, if the charging instrument identifies a lesser-included offense, evidence adduced at trial must rationally support the conviction on the lesser-included offense. See *People v. Landwer*, 166 Ill. 2d 475, 486 (1995); *Jones*, 149 Ill. 2d at 292, 298-99. The exception has essentially the same application regardless of whether the reviewing court is considering the propriety of a defendant's request for a lesser-included offense jury instruction (*e.g.*, *Landwer*, 166 Ill. 2d 475) or the propriety of a trial court's bench trial finding (*e.g.*, *Jones*, 149 Ill. 2d 288).

With regard to the first tier, section 2—9(a) of the Criminal Code of 1961 (720 ILCS 5/2—9(a) (West 1998)) defines an included offense in pertinent part as an offense that "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." The statutory definitions do not, however, provide the determinative factors in deciding if a particular offense is an included offense of another. *People v. Novak*, 163 Ill. 2d 93, 106 (1994).

Initially, defendant cites *People v. Kuykendall*, 108 Ill. App. 3d 708 (1982), to support his argument that unlawful restraint cannot be a lesser-included offense of home

invasion. In *Kuykendall*, defendant was charged with home invasion but was convicted of unlawful restraint. The appellate court reversed, finding that the only restraint that occurred was incidental to a battery that the defendant inflicted upon the victim. The court held that this incidental restraint necessary to commit the battery was insufficient to support an independent conviction of unlawful restraint. The court further held that unlawful restraint and home invasion have different *scienter* requirements and therefore unlawful restraint cannot be a lesser-included offense of home invasion. *Kuykendall*, 108 Ill. App. 3d at 710-11.

*Kuykendall* is not instructive. There, the court made its determination ostensibly by examining defendant's conduct as portrayed by the evidence adduced at trial. That case preceded our decision in *Novak* and our express adoption of the charging instrument approach. *Novak*, 163 Ill. 2d at 112-13. Under this approach, courts must examine allegations contained in the charging instrument; an offense is considered a lesser-included offense if it is described by the charging instrument. *Novak*, 163 Ill. 2d at 107. In making this first-tier determination, courts do not consider facts adduced at trial. See *Novak*, 163 Ill. 2d at 106-08 (adopting approach requiring examination of facts alleged in charging instrument and rejecting approach requiring examination of facts adduced in evidence).

The charging instrument approach does not generally require that the lesser offense be a theoretically or practically "necessary" part of the greater offense. Instead, the lesser offense need only relate to the greater offense to the extent that the charging instrument describes the lesser. *Novak*, 163 Ill. 2d at 107. "The 'lesser offense must have a broad foundation in the instrument charging the greater,' or at least 'set out the main outline of the lesser offense.' " *Novak*, 163 Ill. 2d at 107,

8

quoting *People v. Bryant*, 113 Ill. 2d 497, 505 (1986). A charging instrument need not expressly allege all of the elements of the crime if those elements can be inferred from the language of the charging instrument. *People v. Hamilton*, 179 Ill. 2d 319, 325 (1997).

With these principles in mind, we must first review the offense of aggravated unlawful restraint. "A person commits the offense of aggravated unlawful restraint when he knowingly [and] without legal authority detains another while using a deadly weapon." 720 ILCS 5/10—3.1 (West 1998).

Next, we must examine the allegations contained in the charging instrument and determine whether they set out a broad foundation or main outline of aggravated unlawful restraint. The appellate court based its findings on counts I and II of the information. However, the State specifically notes in its brief that it did not contend in the appellate court that counts I and II set forth a broad foundation or main outline of an aggravated unlawful restraint. Instead, the State contended that counts III and IV supported the trial court's findings.

On appeal to this court, the State essentially concedes that counts I and II do not support a guilty finding of aggravated unlawful restraint. The State does, however, maintain that counts III and IV do support such a finding. Therefore, we need only focus on allegations contained in counts III and IV.

Count III of the information alleged that defendant:

"Without authority knowingly entered the dwelling place of Donna Roberts *** and he remained in such dwelling place until he knew that one or more persons were present, and while armed with a dangerous weapon, to wit: a butcher knife, used of force [*sic*] upon Donna Roberts, within said dwelling place whether or not injury occurred in. violation of Chapter 720 Act 5 Section 12—11—A(1) of the Illinois Compiled Statutes ***."

Count IV alleged that defendant:

"Without authority knowingly entered the dwelling place of Donna Roberts *** and he knew or had reason to know that one or more persons were present, and while armed with a dangerous weapon, to wit: a butcher knife used force upon Donna Roberts, within said dwelling place whether or not injury occurred in violation of Chapter 720 Act 5 Section 12—11—A(1) of the Illinois Compiled Statutes ***."

We conclude that neither of these counts set forth a broad foundation or main outline of aggravated unlawful restraint. The general allegation in both of these counts is that defendant, while armed with a butcher knife, used force on Roberts. Neither count specifically alleges that defendant used the knife to *detain* Roberts. The question, then, is whether we can infer the existence of this element from the language contained in the charging instrument. See *Hamilton*, 179 Ill. 2d at 325.

We have previously inferred the existence of missing elements to identify a lesser-included offense. For example, in *Hamilton*, 179 Ill. 2d at 324-25, we examined an indictment that alleged defendant " 'committed the offense of Residential Burglary in that he knowingly without authority entered the dwelling place of [the victims] with the intent to commit therein a theft, in violation of [section 19—3(a) of the Criminal Code of 1961].' " In considering whether the charging instrument in *Hamilton* identified theft as a lesser-included offense, we stated that:

"The offense of theft by unauthorized control is committed when a person knowingly '[o]btains or exerts unauthorized control over property of the owner' and '[i]ntends to deprive the owner permanently of the use or benefit of the property.' 720 ILCS 5/16—1(a) (West Supp. 1995); see also *People v. Jones*, 149 Ill. 2d 288, 296 (1992). By alleging in the indictment that defendant entered the [victims'] dwelling place with the intent to commit a theft, the charging instrument necessarily infers that defendant intended to obtain unauthorized control over and deprive another of

property. This intent can typically be inferred, as it was in this case, only through showing an actual taking of property. Moreover, the indictment expressly charged the specific intent to commit theft, which has been deemed sufficient to satisfy the first step of the charging instrument approach. See *People v. Dace*, 104 Ill. 2d 96, 102-03 (1984). Thus, the charging instrument in the instant case sufficiently identifies theft as a lesser included offense of the charged offense of residential burglary." *Hamilton*, 179 Ill. 2d at 325.

The inference we made in *Hamilton* was a fairly short reach. That is not the case here. In fact, the allegation that defendant "used force" could imply a myriad of acts that do not necessarily include unlawful restraint. It could mean a single blow. It could mean a single blow delivered while the victim was fleeing. It could mean a series of blows delivered while the victim was fleeing. It could mean that, as Roberts fled, defendant pushed her in the same direction that she was running and essentially aided her forward progress and escape. Thus, one can use force on a victim without detaining her.

If we were to infer that "used force while armed with a butcher knife" necessarily identified "aggravated unlawful restraint" as a lesser-included offense of home invasion, we would be obliged to find that a charging instrument containing such language could identify countless other crimes as lesser-included offenses, including aggravated kidnapping, armed robbery, aggravated criminal sexual assault, or aggravated criminal sexual abuse. We cannot make such a long reach without offending the well-settled general rule that a defendant must be charged with an instrument that sets forth allegations with sufficient precision to allow defendant to prepare a defense. See *People v. Smith*, 99 Ill. 2d 467, 471 (1984); *People v. Alvarado*, 301 Ill. App. 3d 1017, 1023 (1998); J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th ed. 1862).

That is not to say that these crimes could never con-

stitute lesser-included offenses of home invasion. To the contrary, they could, depending on the context of the allegations contained in the charging instrument. For example, we might have reached a different conclusion had the information alleged that "defendant used force upon Roberts, to wit: dragged Roberts through the house at knifepoint." That, however, was not alleged in the information. Each charging instrument is different and raises different allegations. In this case, the connection between the charging instrument's allegations and the elements of aggravated unlawful restraint is simply too remote to identify sufficiently aggravated unlawful restraint as a lesser-included offense to home invasion.

Of course, the act of using force on someone while armed with a butcher knife *could* include an unlawful restraint. The evidence adduced at trial, if taken as true, certainly indicated that defendant in fact did more than inflict a single blow or a series of blows while Roberts was fleeing and that his conduct was more akin to an unlawful restraint. Indeed, Roberts testified that defendant dragged her around the house. Nonetheless, the information does not contain these allegations.

Based on our finding as to the first tier, we need not address the second tier. The State's comments at oral argument implied that we should collapse these two tiers and consider both facts alleged in the charging instrument *and* facts adduced at trial to determine whether aggravated unlawful restraint constituted a lesser offense of home invasion. We decline.

Whether the facts alleged in the charging instrument set forth a broad foundation or main outline of the lesser-included offense is a separate inquiry from whether the facts adduced at trial supported a conviction on the lesser-included charge. We made that clear in *Novak*, where we first identified three proposed approaches used to determine whether a particular offense is a lesser-

included offense of another: (1) the abstract statutory definition of the greater crime; (2) the greater crime as it is alleged in the charging document; (3) or the greater crime as its necessary elements are proven at trial. *Novak*, 163 Ill. 2d at 106; *People v. Bryant*, 113 Ill. 2d 497, 503 (1986); *People v. Mays*, 91 Ill. 2d 251, 255 (1982). In holding that the charging instrument approach was best suited for the lesser-included offense doctrine, we specifically rejected the approach that examined evidence adduced at trial. *Novak*, 163 Ill. 2d at 110. We deemed that approach, called the "inherent relationship approach," too broad. We further noted that "parties would have to prepare to litigate all possible lesser offenses, or risk preparing less than all possible lesser offenses, or only the charged offense." *Novak*, 163 Ill. 2d at 110, citing C. Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine*, 21 Am. Crim. L. Rev. 445, 449-50 (1984).

A rule allowing courts to identify a lesser-included offense based on evidence presented at trial raises serious and obvious due process concerns. It is well settled that due process requires that a charging instrument adequately notify a defendant of the offense charged with sufficient specificity to enable a proper defense. *People v. Alexander*, 93 Ill. 2d 73, 79 (1982); *People v. Gilmore*, 63 Ill. 2d 23, 28-29 (1976). A person's right to reasonable notice of a charge and an opportunity to mount a defense in court is basic in our system of jurisprudence. *In re Oliver*, 333 U.S. 257, 273, 92 L. Ed. 682, 694, 68 S. Ct. 499, 507 (1948). One of the oldest and most fundamental components of due process is the general rule that criminal proceedings be initiated by an information or indictment containing:

> "all the facts and circumstances which constitute the offence, ... stated with such certainty and precision, that the defendant ... may be enabled to determine the species of offence they constitute, in order that he may prepare his

defence accordingly ... and that there may be no doubt as to the judgment which should be given, if the defendant be convicted." J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th ed. 1862).

*Novak* does not contemplate the rule advocated by the State. In *Novak*, we held that a determination of whether the evidence supports a conviction on a lesser offense is a completely separate inquiry. We specifically stated that:

> "*Once a lesser included offense is identified, the question remains* whether the jury should be instructed on the lesser offense. The identification of a lesser included offense does not automatically give rise to a correlative right to have the jury instructed on the lesser offense. [Citation.] Rather, an '*independent* prerequisite' must be met for the giving of a lesser included offense instruction [citation], regardless of the approach used in identifying the lesser included offense. This *independent* prerequisite involves an examination of the evidence presented at trial." (Emphases added.) *Novak*, 163 Ill. 2d at 107-08, citing *Schmuck v. United States*, 489 U.S. 705, 716 n.8, 103 L. Ed. 2d 734, 746 n.8, 109 S. Ct. 1443, 1451 n.8 (1989).

Admittedly, in *Hamilton*, 179 Ill. 2d at 324, we noted that, in determining whether a particular offense is correctly included in a charged offense, "the proper approach is to examine both the charging instrument and the evidence adduced at trial." This statement was, however, made in general terms and was immediately followed by a recitation of our rule in *Novak* that the court nevertheless perform this inquiry in two separate and distinct tiers. We held that courts must first examine whether the charging instrument identifies a lesser-included offense. We then stated that "*[o]nce a lesser included offense is identified*," (emphasis added) the court must then examine the evidence to determine whether the evidence supported a conviction on the lesser-included offense. *Hamilton*, 179 Ill. 2d at 324.

In making that general statement in *Hamilton*, we

relied on a similar general statement in *People v. Landwer*, 166 Ill. 2d 475, 486 (1995). In *Landwer*, we reasoned that, in determining whether a particular offense is appropriately included in a charged offense, "the proper approach is to examine the charging instrument and the evidence presented at trial." *Landwer*, 166 Ill. 2d at 486, citing *Novak*, 163 Ill. 2d 93. Nevertheless, we immediately elaborated that the proper analysis is actually twofold. We noted that:

> "*First*, a court must determine whether the charging instrument contains a ' "broad foundation" ' or ' "main outline" ' of the lesser offense. [Citation.] *Second*, a court must examine the evidence presented at trial to determine whether a jury could rationally find the defendant guilty of the lesser offense, but acquit on the greater offense." (Emphases added.) *Landwer*, 166 Ill. 2d at 486.

In the next paragraph of our opinion, we reiterated these sentiments. We noted that "we must *first* determine whether the charging instrument provides a main outline of the included offense ***." (Emphasis added.) *Landwer*, 166 Ill. 2d at 486. After performing this inquiry, we explained that "[t]he *second step* in analyzing the propriety of an included offense instruction is to examine the evidence presented at trial to determine whether a jury could rationally find the defendant guilty of the lesser offense ***." (Emphasis added.) *Landwer*, 166 Ill. 2d at 487.

Our general statements in *Landwer* and *Novak* related to whether a particular offense is *appropriately* included in a charged offense. This inherently necessitates a two-tiered inquiry. First, *is* the convicted offense indeed a lesser-included offense at all? To answer that question, we must examine the charging instrument and determine whether it sets forth a broad foundation or main outline of the lesser-included offense. Second, was it *proper* to find defendant guilty of this lesser-included offense? To answer that question, we must ex-

amine the evidence adduced at trial and determine whether it rationally supports a guilty finding. We cannot reach the second question without an affirmative answer to the first question.

This conclusion is obvious when one notes that, in setting forth the initial general statement in *Landwer*, we cited *Novak*. *Novak* contains *no* language suggesting that these two inquiries should be combined or, in other words, that courts can identify a lesser-included offense by examining the charging instrument *and* the facts adduced at trial. To the contrary, as previously noted, *Novak* clearly establishes a two-part inquiry. See *Novak*, 163 Ill. 2d at 107-08 (stating that, *"[o]nce* a lesser included offense is *identified, the question remains* whether the jury should be instructed on the lesser offense" (emphases added)).

A combined inquiry would essentially create a hybrid between the charging instrument approach and the inherent relationship approach that we rejected in *Novak*. *Novak*, 163 Ill. 2d at 110. As the State admitted at oral argument, we must cautiously avoid converting the charging instrument approach into the inherent relationship approach. This hybrid approach not only contradicts our holding in *Novak* but it also raises grave constitutional concerns. It would require the defendant to wait until all of the evidence is presented at trial before he or she ascertains the criminal charge. That, of course, directly contradicts the due process right to notice of a charged offense to afford an adequate defense. See *Alexander*, 93 Ill. 2d at 79. A defendant cannot prepare an adequate defense to a charge that is identified *after* hearing the evidence presented at trial.

## CONCLUSION

We find that the circuit court erred in finding defendant guilty of the uncharged crime of aggravated unlawful restraint. The charging instrument did not suf-

ficiently set forth a broad foundation or main outline of unlawful restraint to identify that crime as a lesser-included offense of home invasion. In light of our finding, we need not consider whether the evidence adduced at trial would have supported a guilty finding of aggravated unlawful restraint.

We vacate defendant's conviction for aggravated unlawful restraint. We also remand for sentencing on defendant's conviction for aggravated assault. See *People v. Dixon*, 91 Ill. 2d 346, 353-54 (1982).

*Reversed and remanded.*