No. 2--02--0226

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Jo Daviess County.

)

Plaintiff-Appellee, )

)

v. ) No. 00--CF--21

)

JOSHEA A. DeBORD, ) Honorable

) William A. Kelly,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered the modified opinion of the court:

A jury found defendant, Joshea A. DeBord, guilty of involuntary manslaughter (720 ILCS 5/9--3(a) (West 2000)).  The jury also found that the victim was less than 12 years old.  At the sentencing hearing, the trial court found that the victim was a "family or household member" (725 ILCS 5/112A--3(3) (West 2000)).  Based only on the family-or-household-member finding, the court ruled that the offense was elevated from a Class 3 felony to a Class 2 felony, and the court imposed a 10-year prison term.  The court also imposed a $100 domestic violence fine and ordered that the fine be drawn from defendant's bond.

On appeal, defendant argues that his due process rights were violated because he was not charged with, and the jury did not find,  the family-or-household-member element.  The State responds that defendant's conviction and sentence may be affirmed under the harmless error doctrine as set forth in the recent supreme court case of 
People v. Thurow
, 203 Ill. 2d 352 (2003).

We agree with the State that 
Thurow
 excuses the inadequate jury instructions.  However, we reverse the conviction and sentence and remand the cause because the charging instrument did not allege that the victim was a family or household member.  Finally, the State concedes that the trial court erred in ordering the fine to be drawn from defendant's bond.

FACTS

The following evidence was admitted at trial.  During the night of March 31, 2000, Tyler DeBord, who was two months old, died from a head injury suffered while in defendant's care.  Tyler was the child of Christina Michels, defendant's girlfriend.  Defendant was not the baby's father, but he supported Michels and the child.  The baby had been videotaped at a family gathering the day before and appeared to be healthy before the incident.

Michels and defendant were each 20 years old at the time of the incident, and they lived with the baby in a trailer that they rented.  At about 8 p.m. on the night of the incident, Michels went out with her cousin after arguing with defendant about her plans for the evening.  Defendant agreed to watch the baby, but at 1:15 a.m., he alerted two neighbors, Patrick and Tracy Enright, that the baby was not breathing.  The Enrights saw that the baby's head was bruised and that the baby was cold and had no pulse.  Defendant's trailer lacked a telephone, and Tracy Enright called 911 and relayed cardiopulmonary resuscitation (CPR) instructions to defendant.  Defendant placed the baby on the floor and attempted CPR.  Officer Kevin Stewart arrived and observed that defendant was performing CPR incorrectly.  Officer Stewart applied a defibrillator to the child and attempted CPR.

Paramedics tried to revive the child during the ambulance trip to the hospital.  One paramedic observed two bruises under the baby's chin.  A nurse noticed bruises on the baby's forehead, leg, and inner arms.  The child died at the hospital at 3:37 a.m., and an autopsy disclosed that brain swelling resulting from an impact to the side of the baby's head caused his death.  The baby's skull was fractured and his right leg was broken.

After the incident, defendant offered conflicting accounts of the events.  Defendant initially told a police officer and the treating physician that he had simply discovered the baby  not breathing and unresponsive in his bassinet.  Upon later police questioning, defendant stated that he accidentally hit the baby on the coffee table while reaching for a container of water.  Defendant ultimately admitted that he slammed the baby on the floor.

On April 3, 2000, defendant was charged by information with first-degree murder (720 ILCS 5/9--1(a)(2) (West 2000)), involuntary manslaughter of a family or household member (720 ILCS 5/9--3(f) (West 2000)), and aggravated battery of a child (720 ILCS 5/12--4.3(a) (West 2000)).  On April 19, 2000, the same charges were filed by indictment.

On December 29, 2000, a superceding indictment was filed, charging only two counts of first-degree murder (720 ILCS 5/9--1(a)(1), 9--1(a)(2) (West 2000)).  One of the charges was later dismissed.  The remaining murder charge identified the victim as "Tyler Allan DeBord" and alleged that he was two months old at the time of the offense.  The charge omitted the previous allegation that the victim was a member of defendant's family or household.

At trial, the court instructed the jury that it could find defendant (1) not guilty of first-degree murder and not guilty of involuntary manslaughter; (2) guilty of first-degree murder; or (3) guilty of involuntary manslaughter.  The court instructed the jury on the elements of first-degree murder and involuntary manslaughter.  The court added that the jury should not find defendant guilty of either offense unless the victim, "Tyler A. DeBord," was under 12 years old.  The jury was not instructed to decide whether the victim was a family or household member.  The jury found defendant guilty of the involuntary manslaughter of Tyler DeBord, a person under 12 years old.

At the sentencing hearing, the State argued that the victim was a member of defendant's family or household, and therefore,  the offense was elevated from a Class 3 felony to a Class 2 felony.  The State recommended a 14-year prison term, the maximum nonextended term for the involuntary manslaughter of a family or household member.

The trial court credited the State's argument but imposed only a 10-year term after concluding that defendant's sparse criminal history rendered the maximum sentence, 14 years' imprisonment, excessive.  In imposing the sentence, the court did not rely upon the jury's finding regarding the youth of the victim, but the court emphasized that the offense involved a "savage attack on a two-month-old baby."

The judgment order states that defendant was convicted of the "special class 2 felony" of involuntary manslaughter under section 9--3(f) of the Criminal Code of 1961 (720 ILCS 5/9--3(f) (West 2000)).  Defendant's posttrial motion was denied, and this timely appeal followed.

ANALYSIS

In this case, defendant was charged with first-degree murder, and he requested a jury instruction on the lesser-included offense of involuntary manslaughter, a Class 3 felony.  The jury found defendant guilty of the involuntary manslaughter of Tyler DeBord, a person under 12 years old.  However, the trial court entered a Class 2 felony conviction and imposed a 10-year sentence based on the court's finding that the victim was a family or household member.

Defendant argues that he could not be convicted of the involuntary manslaughter of a family or household member because it is not a lesser-included offense of first-degree murder.  Defendant contends that his due process rights were violated because (1) the charging instrument did not allege the family-or-household-member element and (2) the jury did not find the element beyond a reasonable doubt.  Defendant also argues that he was denied a monetary credit for the time he spent in pretrial custody.

 Charging Instrument

The State argues that defendant waived his challenge to the charging instrument by failing to raise the issue in a postsentencing motion.  We agree that defendant has waived his claim because he failed to object at trial or file a posttrial motion.  See 
People v. Rodriguez
, 313 Ill. App. 3d 877, 887 (2000).  The plain error rule for review of issues affecting substantial rights may be invoked only where either the evidence is closely balanced or the errors are of such magnitude that the defendant was denied a fair and impartial trial and remedying the error is necessary to preserve the integrity of the judicial process.  134 Ill. 2d R. 615(a).  We elect to consider defendant's allegations under the plain error rule because, if defendant was convicted of an uncharged offense that was not a lesser-included offense of the charged offense, his due process rights were violated and the error was so prejudicial that it denied him a fair trial.  See 
People v. McDonald
, 321 Ill. App. 3d 470, 474 (2001) ("The trial court committed plain error in convicting [the defendant] of an uncharged offense that was not a lesser included offense of the charged offense of armed robbery").

Generally, a defendant cannot be convicted of an offense that was never alleged, but the supreme court has recognized the "charging instrument approach" as a two-tiered exception to the general rule.  
People v. Baldwin
, 199 Ill. 2d 1, 6 (2002).  A defendant can be convicted of an uncharged offense if (1) the uncharged offense is identified by the charging instrument as a lesser offense of the one charged and (2) the evidence adduced at trial rationally supports the conviction of the lesser-included offense.  
Baldwin
, 199 Ill. 2d at 6.

Before deciding whether defendant was convicted of a "lesser- included offense" of first-degree murder, we must identify the offense of which defendant was actually convicted.  "A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly ***."  720 ILCS 5/9--3(a) (West 2000).

Involuntary manslaughter is ordinarily a Class 3 felony (720 ILCS 5/9--3(d)(1) (West 2000)) punishable by two to five years' imprisonment (730 ILCS 5/5--8--1(a)(6) (West 2000)).  However, "[i]n cases involving involuntary manslaughter in which the victim was a family or household member [(725 ILCS 5/112A--3(3) (West 2000))], the penalty shall be a Class 2 felony, for which a person if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 3 years and not more than 14 years."  720 ILCS 5/9--3(f) (West 2000).  " 'Family or household members' include spouses, former spouses, parents, 
children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling
, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, and persons with disabilities and their personal assistants."  (Emphasis added.)  725 ILCS 5/112A--3(3) (West 2000).

The Supreme Court has stated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[] and proved beyond a reasonable doubt."  
Apprendi v. New Jersey
, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000).  The Illinois Supreme Court has held that, "because [the family-or-household-member] enhancement factor 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed,' it is an 
element of the offense
 and must be submitted to a jury and proved beyond a reasonable doubt."  (Emphasis added.)  
Thurow
, 203 Ill. 2d at 360, quoting 
Apprendi
, 530 U.S. at 490, 494, 147 L. Ed. 2d at 455, 457, 120 S. Ct. at 2363, 2365.

The above-italicized phrase in 
Thurow
 suggests that the family-or-household-member element is a fact that must be alleged in a charging instrument, but the 
Thurow
 court reached the opposite conclusion.  The defendant was charged, under sections 9--3(a) and (f) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/9--3(a), (f) (West 1998)), with the involuntary manslaughter of a family or household member, and the defendant argued that the statute was unconstitutional on its face and therefore void 
ab
 
initio
.  Emphasizing that "
Apprendi
's central holding *** makes no mention of any indictment right," the court stated in 
dicta
 that the absence of a notice requirement in section 9--3(f) of the Criminal Code does not render it unconstitutional and, therefore, the family-or-household-member element need not be included in an instrument charging involuntary manslaughter.  
Thurow
, 203 Ill. 2d at 367.

Thurow
's conclusion that 
Apprendi
 does not confer an indictment right does not dispose of defendant's challenge to the sufficiency of the charging instrument here.  
Thurow
 is distinguishable from this case, where defendant was convicted of an offense with which he was not charged.  See 
Baldwin
, 199 Ill. 2d at 6 ("a defendant cannot be convicted of an offense that was never alleged").  Because defendant was convicted of a lesser offense than the one charged, he is entitled to due process rights that were not implicated in 
Thurow
.

We hold that in cases involving the conviction of a lesser-included offense, (1) the family-or-household-member fact is an element of the offense of involuntary manslaughter of a family or household member as defined by section 9--3(f) of the Criminal Code and (2) the element must be identified in an instrument charging the greater offense.  Therefore, even if the superceding indictment charging first-degree murder set out the main outline of simple involuntary manslaughter, defendant could not be convicted of the involuntary manslaughter of a family or household member if the charging instrument did not identify the family-or-household-member element.

We next consider whether the charging instrument identified the lesser offense of involuntary manslaughter of a family or household member.  Section 2--9(a) of the Criminal Code defines an included offense as one that " '[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged.' "  
Baldwin
, 199 Ill. 2d at 6, quoting 720 ILCS 5/2--9(a) (West 1998).  The statutory definition does not, however, provide the determinative factors for deciding whether a particular offense is an included offense of another.  
Baldwin
, 199 Ill. 2d at 6.

The charging instrument approach for identifying a lesser-included offense does not generally require that the lesser offense be a theoretically or practically necessary part of the greater offense.  Instead, the lesser offense need only relate to the greater offense to the extent that the charging instrument describes the lesser.  " 'The "lesser offense must have a broad foundation in the instrument charging the greater," or at least "set out the main outline of the lesser offense." ' "  
Baldwin
, 199 Ill. 2d at 7-8, quoting 
People v. Novak
, 163 Ill. 2d 93, 107 (1994), quoting 
People v. Bryant
, 113 Ill. 2d 497, 505 (1986).  A charging instrument need not expressly allege all of the elements of the crime if those elements can be inferred from the language of the charging instrument.  
Baldwin
, 199 Ill. 2d at 8.

Defendant was tried on one count of first-degree murder.  720 ILCS 5/9--1(a)(2) (West 2000).  Pursuant to the superceding indictment, a person commits first-degree murder if he kills an individual without lawful justification and he knows that his acts create a strong probability of death or great bodily harm.  720 ILCS 5/9--1(a)(2) (West 2000).  The indictment further alleged that the victim was two months old and had the same surname as defendant.

The basic difference between simple involuntary manslaughter and first-degree murder is the mental state that accompanies the conduct resulting in the victim's death.  Simple involuntary manslaughter requires a less culpable mental state than first-degree murder.  
People v. DiVincenzo
, 183 Ill. 2d 239, 249 (1998).  However, a conviction under section 9--3(f) of the Criminal Code requires the additional proof beyond a reasonable doubt that the victim was a family or household member.  

The superceding indictment merely identified the victim as "Tyler A. DeBord," a person who was two months old at the time of the offense.  The murder charge did not allege that the victim was a "family or household member" as section 112A--3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/112A--3 (West 2000)) defines that term.  The absence of such an express allegation is not dispositive, but we decide that an inference of the element is unreasonable.  We may not infer from the shared surname of defendant and the victim that they were members of the same family or household.  If we were to make such an inference, the State would be excused from charging the family-or-household-member element in every instance in which the victim and defendant shared a surname.  

We conclude that the offense of involuntary manslaughter of a family or household member was not a lesser-included offense of first-degree murder as charged in the superceding indictment.  The lesser offense lacked a broad foundation in the instrument charging the greater offense and did not set out the main outline of the lesser offense.  See 
Baldwin
, 199 Ill. 2d at 7-8.

 Jury Instructions

The State disregards the distinction we draw between 
Thurow
 and this case regarding the deficiency in the charging instrument.  Instead, the State contends that the trier of fact's failure to find the family-or-household-member element may be excused as harmless error under 
Thurow
.

In 
Thurow
, the defendant was charged with the involuntary manslaughter of a family or household member.  The trial court instructed the jury on the elements of simple involuntary manslaughter and the jury found Thurow guilty.  At sentencing, the judge determined that Thurow was eligible for an enhanced sentence because the victim was a member of Thurow's household (720 ILCS 5/9--3(f) (West 1998)).  Alternatively, the sentencing judge determined that Thurow was eligible for an extended-term sentence because the victim was less than 12 years old (730 ILCS 5/5--5--3.2(b)(4)(i) (West 1998)).  As a result, the trial court sentenced Thurow to 8 years in prison, a sentence within both the 3- to 14-year range for an enhanced sentence (720 ILCS 5/9--3(f) (West 1998)) and the 5- to 10-year range for an extended-term sentence (730 ILCS 5/5--8--2(a)(5) (West 1998)).

The appellate court vacated the sentence, concluding that it violated 
Apprendi
, and remanded the cause for a new sentence not to exceed the five-year statutory maximum for the Class 3 felony of simple involuntary manslaughter.

Our supreme court held that, "because [the family-or-household-member] enhancement factor 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed,' it is an element of the offense and must be submitted to a jury and proved beyond a reasonable doubt."  
Thurow
, 203 Ill. 2d at 360, quoting 
Apprendi
, 530 U.S. at 490, 494, 147 L. Ed. 2d at 455, 457, 120 S. Ct. at 2363, 2365.

The State conceded the 
Apprendi
 violation based on the absence of a jury finding on the family-or-household-member element.  
Thurow
, 203 Ill. 2d at 361.  However, the supreme court concluded that 
Neder v. United States
, 527 U.S. 1, 144 L. Ed. 2d 35, 119 S. Ct. 1827 (1999), permitted a harmless error review of the trial judge's determination that the victim was a member of the defendant's family or household.  
Thurow
, 203 Ill. 2d at 368.

In 
Neder
, the Supreme Court found that a trial court's failure to submit an issue to the jury was harmless because evidence supporting the element was uncontested and overwhelming and the criminal defendant " 'did not, and apparently could not, bring forth facts contesting the omitted element.' "  
Thurow
, 203 Ill. 2d at 369, quoting 
Neder
, 527 U.S. at 19, 144 L. Ed. 2d at 53, 119 S. Ct. at 1838.

The 
Thurow
 court noted that both the defendant and the victim's mother testified to facts establishing that the victim was a member of the defendant's household.  Because "the evidence in support of the omitted element was uncontested and overwhelming" (
Thurow
, 203 Ill. 2d at 369), it was undisputed that the victim was a person who shared a common dwelling with the defendant (
Thurow
, 203 Ill. 2d at 369, quoting 725 ILCS 5/112A--3(3) (West 1998)).  The court characterized the 
Apprendi
 violation as harmless because it was "clear beyond a reasonable doubt that a properly instructed, rational jury would have found defendant guilty of involuntary manslaughter against a household member."  
Thurow
, 203 Ill. 2d at 369.  The court, therefore, reversed the appellate court's order and affirmed the eight-year sentence imposed by the trial court.

The 
Thurow
 court recognized that its harmless error analysis under 
Neder
 created a tension with 
Apprendi
 by, "in a sense[,] adding error upon error by repeating the violation committed by the trial judge, who made the original, erroneous determination."  
Thurow
, 203 Ill. 2d at 369-70.

As in 
Thurow
, defendant did not and could not introduce facts contesting the omitted element of the victim's status as a family or household member.  Although we agree with the State that the erroneous jury instructions were harmless, our analysis of the charging instrument issue controls this case.  In 
Thurow
, only the jury instructions were deficient, and the supreme court acknowledged that a harmless error review perpetuated the error.  Here, neither the charging instrument nor the jury instructions identified the family-or-household-member element of section 9--3(f).  If we were to excuse the deficient charging instrument as well as the inadequate jury instructions here, we would exacerbate the 
Apprendi
 violation even further.

Moreover, the jury found defendant guilty of only a Class 3 felony, but the trial court elevated the offense to a Class 2 felony based on an improper finding of the family-or-household-member element.  Defendant, therefore, is additionally prejudiced by the collateral consequences of a Class 2 felony conviction, which are more serious than those attendant to a Class 3 felony conviction.  See, 
e.g.
, 730 ILCS 5/5--5--3(c)(8) (West 2000) ("When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender").  The cumulative effect of the errors in this case compels us to reverse the Class 2 felony conviction of and sentence for involuntary manslaughter of a family or household member.  We remand the cause for the entry of a new judgment.

On remand, the trial court may enter a judgment of conviction pursuant to the jury's verdict.  Here, the jury found defendant guilty of the involuntary manslaughter of a person under 12 years old.  A finding that the victim was under 12 years old does not affect the classification of involuntary manslaughter and only increases the potential penalty to 5 to 10 years' imprisonment.  730 ILCS 5/5--5--3.2(b)(4)(i), 5--8--2(a)(5) (West 2000).  The finding regarding the age of the victim did not violate defendant's 
Apprendi
 rights because the jury found that element beyond a reasonable doubt.  See 
Thurow
, 203 Ill. 2d at 365-67 (section 5--5--3.2(b)(4)(i) permits the imposition of an extended-term sentence only if the finder of fact determines the aggravating factor beyond a reasonable doubt).

Like in 
Thurow
, the trial court in this case imposed a 10-year sentence that was both within the 3- to 14-year range of section 9--3(f) of the Criminal Code and within the 5- to 10-year range of section 5--8--2(a)(5) of the Unified Code of Corrections (730 ILCS 5/5--8--2(a)(5) (West 2000)).  However, the trial court stated that a "maximum sentence" was inappropriate because defendant lacked a significant criminal history.  We conclude that a new sentencing hearing is necessary because it is unclear whether the trial court would have imposed the 10-year sentence if the court had known it was the statutory maximum.

 Domestic Violence Fine

In addition to the prison term, the trial court imposed a $100 domestic violence fine and ordered that the fine be drawn from defendant's bond.  Defendant was entitled to receive a $5-per-day credit toward his fine for each day he spent in custody before sentencing.  725 ILCS 5/110--14 (West 2000).  Defendant was arrested on April 2, 2000, and released on bond on May 7, 2001.  The trial court credited the 401 days against his sentence but allowed no monetary credit toward the fine, ordering instead that the fine be drawn from defendant's bond.  The State concedes that  defendant's $100 fine was satisfied by the 401-day custodial credit and that the judgment should be amended to reflect the credit.

For the preceding reasons, the judgment of the circuit court of Jo Daviess County is reversed and the cause is remanded with directions.

Reversed and remanded with directions.

McLAREN and O'MALLEY, JJ., concur.