THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE A. DAVIS, Defendant-Appellant.

Second District    No. 2—03—0391

Opinion filed October 4, 2004.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Mary Katherine Moran, Special State's Attorney, and Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Following a jury trial, the defendant, Wayne Davis, was found guilty of involuntary manslaughter (720 ILCS 5/9—3(a) (West 2000)). At the sentencing hearing, the trial court found that the victim was a "family or household member" (725 ILCS 5/112A—3(3) (West 2000)). Based only on the family-or-household-member finding, the trial court ruled that the offense was elevated from a Class 3 felony to a Class 2 felony, and the trial court imposed a sentence of 10 years' imprisonment. On appeal, the defendant argues that his due process rights were violated because he was not charged with, and the jury did not find, the family-or-household-member element. We affirm.

On October 2, 2001, the defendant was charged by indictment with five counts of first-degree murder (720 ILCS 5/9—1(a) (West 2000)). Four of these counts were nol-prossed before trial. At the time of trial, the remaining count against the defendant charged that he committed first-degree murder by making "contact with Anthony Davis, a child under 12 years of age, knowing such act created a strong probability of great bodily harm to Anthony Davis thereby causing the death of Anthony Davis." See 720 ILCS 5/9—1(a)(2) (West 2000).

On January 13, 2003, the defendant's case proceeded to trial. The State introduced evidence that the defendant had shaken his seven-week-old son, Anthony Davis. Anthony had suffered severe head trauma because of this shaking, which resulted in his death. The State

introduced into evidence the defendant's written statement acknowledging that he had shaken Anthony because he was angry and frustrated. The defendant testified on his own behalf. He denied harming his son.

At the close of the evidence, the trial court asked the defendant if he wanted the jury to be instructed on the lesser included offense of involuntary manslaughter, Class 3. The trial court explained that, if convicted, the defendant would be subject to either probation or two to five years' imprisonment. The defendant initially stated that he did not want such an instruction. However, after consulting with his attorney, the defendant requested that an involuntary manslaughter instruction be given. The trial court then explained to the defendant that he could be subject to an extended-term sentence of 10 years' imprisonment if convicted of involuntary manslaughter. The trial court questioned the defendant if he still wanted the instruction to be given. The defendant indicated that he did.

Prior to giving the jury instructions, the trial court informed the defendant that it had to readvise him as to the penalties for involuntary manslaughter. The trial court informed him that because the victim in the case was a member of the defendant's family, the involuntary manslaughter charge would be elevated to a Class 2 felony. This charge carried with it a possible sentence of probation or 3 to 14 years' imprisonment. The trial court then questioned the defendant if he wanted the instruction to be given. The defendant indicated that he did. The trial court then proceeded to instruct the jury as to involuntary manslaughter. The trial court did not instruct the jury that it had to make a finding that the victim was a member of the defendant's family or household. At the close of trial, the jury found the defendant guilty of involuntary manslaughter.

On March 20, 2003, the trial court conducted a sentencing hearing. At this hearing, the trial court concluded that there was "overwhelming" evidence of Anthony's family member status, and therefore found that the enhanced penalty provisions for the involuntary manslaughter of a family or household member applied. The trial court sentenced the defendant to 10 years' imprisonment. Following the denial of his motion to reconsider sentence, the defendant filed a timely notice of appeal.

On appeal, the defendant argues that the trial court erred in instructing the jury on involuntary manslaughter of a family or household member because it is not a lesser included offense of first-degree murder. The defendant further contends that his due process rights were violated because (1) the charging instrument did not allege the family-or-household-member element and (2) the jury did not find that element beyond a reasonable doubt.

The State responds that the defendant acquiesced to any deficiencies in the charging instrument or in the jury instructions. The State notes that the defendant was informed of the possibility of receiving an enhanced sentence for the involuntary manslaughter of a family member yet he still indicated his willingness to have the jury instructed as to that offense. The State also contends that the evidence was overwhelming as to the fact that the victim of his offense was his son. Because the defendant was not prejudiced by any of the alleged errors at trial, the State argues, the defendant is not entitled to any relief.

As the State correctly notes, the defendant did not timely object to the allegedly deficient charging instrument or jury instructions at trial. As such, the defendant's argument is waived. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). The defendant asks that we consider his contention, however, under the plain error doctrine. The plain error doctrine may be invoked in a criminal case to review an error that has not been properly preserved if either the evidence was closely balanced or the error was of such magnitude that the defendant was denied a fair trial. *People v. Hindson*, 301 Ill. App. 3d 466, 473-74 (1998). A defendant is not entitled to relief under this doctrine unless he can demonstrate that he was prejudiced by the errors at trial. *People v. Thurow*, 203 Ill. 2d 352, 363 (2003).

Based on the facts of this case, we do not believe that the alleged errors were plain error because the evidence was not closely balanced and the alleged errors did not deprive the defendant of a fair trial. The defendant received an enhanced sentence because the victim of his crime was his son, even though the charging instrument did not indicate that he was being charged for the death of his son. Generally, a defendant cannot be convicted of an offense that was never alleged. See *People v. Baldwin*, 199 Ill. 2d 1, 6 (2002). However, a defendant raising challenges to the charging instrument for the first time on appeal must show prejudice. *People v. Gilmore*, 63 Ill. 2d 23, 29-30 (1976). The defendant herein was not prejudiced because the State presented extensive evidence that the victim was the defendant's son and the defendant acknowledged in his testimony that the victim was his son.

Moreover, the defendant was not prejudiced by the trial court's failure to instruct the jury to make a finding as to whether the victim was the defendant's son. We note that our supreme court has held that a sentence enhancement factor is an element that must be submitted to the jury in order for the defendant to be sentenced to an enhanced term. See *People v. Thurow*, 203 Ill. 2d 352, 360 (2003). However, our supreme court has also determined that the defendant is not entitled to any relief for this type of error unless he can

demonstrate how he was prejudiced. *Thurow*, 203 Ill. 2d at 369. As explained above, the evidence against the defendant was overwhelming. Furthermore, the trial court specifically informed the defendant that his sentence would be enhanced if he were convicted of involuntary manslaughter. The defendant indicated that he understood this admonishment. As such, the defendant was not prejudiced by the trial court's failure to admonish the jury of the need to make a finding as to the victim's relationship to him. See *Thurow*, 203 Ill. 2d at 369. Absent any prejudice, the defendant is not entitled to any relief. See *Gilmore*, 63 Ill. 2d at 29-30.

In so ruling, we note that this court reached a different decision in *People v. DeBord*, 344 Ill. App. 3d 321 (2003), when confronted with similar facts. In *DeBord*, the defendant was charged by indictment with first-degree murder for the killing of a person under 12 years of age. The trial court instructed the jury as to the lesser included offense of involuntary manslaughter. The jury was not instructed to determine whether the victim was a family or household member of the defendant's. At sentencing, the State requested that the trial court sentence the defendant as a Class 2 felon because the victim was a member of the defendant's family or household. The trial court agreed, sentencing the defendant to 10 years' imprisonment based on his conviction of a " 'special class 2 felony.' " *DeBord*, 344 Ill. App. 3d at 324-26.

On appeal, we held that both the charging instrument and the jury instructions were deficient because neither indicated that the defendant could possibly be convicted of the involuntary manslaughter of a family member. *DeBord*, 344 Ill. App. 3d at 331. As to the jury instructions, we held that the jury needed to be instructed on the need to find that the defendant's victim was a family member before the defendant could be subject to receiving an enhanced sentence. *DeBord*, 344 Ill. App. 3d at 330. Such an instruction was necessary in order to comply with the dictates of *Apprendi v. New Jersey*, which requires that any enhancement factor which "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" be submitted to the jury and proved beyond a reasonable doubt. See *DeBord*, 344 Ill. App. 3d at 330, quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). However, we also found that, under *Thurow*, the trial court's failure to give the proper jury instruction was subject to harmless error analysis. *DeBord*, 344 Ill. App. 3d at 331. Because the defendant could not introduce facts contesting the victim's status as a family member, we held that the erroneous jury instructions were harmless. *DeBord*, 344 Ill. App. 3d at 331.

We found that the charging instrument was insufficient because it did not set out the main outline of involuntary manslaughter of a family member nor was that offense referred to in the broad foundation for first-degree murder. *DeBord*, 344 Ill. App. 3d at 329. We consequently found that the defendant had been improperly convicted of an offense that was never alleged. *DeBord*, 344 Ill. App. 3d at 328. We further found that the insufficient charging instrument was not subject to harmless error analysis. *DeBord*, 344 Ill. App. 3d at 331. We noted that *Thurow*'s harmless error analysis was inapplicable to this issue because in that case the defendant had not been convicted of an offense with which he had not been charged. *DeBord*, 344 Ill. App. 3d at 331. We then explained that if we were to extend *Thurow* and "excuse the deficient charging instrument as well as the inadequate jury instructions here, we would exacerbate the *Apprendi* violation even further." *DeBord*, 344 Ill. App. 3d at 331. This we declined to do. *DeBord*, 344 Ill. App. 3d at 331.

After carefully reconsidering this court's decision in *DeBord*, we believe that we must now depart from that decision. Although we recognize the need to adhere to the spirit of *Apprendi*, we do not believe that *Apprendi* requires that a defendant be afforded relief on the basis of a deficient charging instrument where there is no indication that such a deficiency caused him any prejudice. Instead, as explained above, a defendant is entitled to such relief only if he can demonstrate that he was prejudiced. See *Gilmore*, 63 Ill. 2d at 29-30. Here, the record clearly reveals that the deficient charging instrument did not prejudice the defendant. The defendant was aware that he could receive an enhanced sentence because the victim of his crime was his son. The defendant also consented to the jury being instructed as to involuntary manslaughter. Moreover, the record is replete with evidence that the victim of the defendant's offense was his son. Accordingly, because the defendant was not prejudiced, he was not deprived of a fair trial and he is not entitled to any relief. To the extent that *DeBord* is inconsistent with this determination, we decline to follow *DeBord*.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

O'MALLEY, P.J., and BOWMAN, J., concur.