(No. 99363.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WAYNE A. DAVIS, Appellant.

*Opinion filed December 15, 2005.*

G. Joseph Weller, Deputy Defender, and Paul J. Glaser, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Meg Gorecki, State's Attorney, of St. Charles (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Jay Paul Hoffmann, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

The defendant, Wayne A. Davis, was charged in an indictment with first degree murder. He was subsequently convicted by a jury of the lesser-included offense of involuntary manslaughter, a Class 3 felony. See 720 ILCS 5/9—3(d)(1) (West 2000). At sentencing, the circuit court of Kane County found that the victim, defendant's son, was a "family or household member" as defined in section 112A—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/112A—3(3) (West 2000)). Based on this finding, pursuant to section 9—3(f) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/9—3(f) (West 2000)), the court determined that defendant's offense was elevated from a Class 3 to a Class 2 felony with a maximum available penalty of 14 years' imprisonment. The circuit court imposed a 10-year sentence.

On appeal, defendant argued for the first time that his right to due process of law had been violated because the indictment charging him with first degree murder did not allege that the victim was a family member. The appellate court rejected this argument, holding that defendant had failed to meet his burden of establishing that the omission in the indictment caused him prejudice in the preparation of his defense. 352 Ill. App. 3d 570. We granted defendant's petition for leave to appeal and now affirm the judgment of the appellate court.

## BACKGROUND

In April 2002, a Kane County grand jury returned an amended indictment charging defendant with five

alternative counts of first degree murder arising out of the death of seven-week-old Anthony Davis. Four of the counts were nol-prossed by the State prior to trial. The remaining count charged that, in violation of section 9—1(a)(2) of the Criminal Code (720 ILCS 5/9—1(a)(2) (West 2000)), defendant "made contact with Anthony Davis, a child under 12 years of age, knowing such act created a strong probability of great bodily harm to Anthony Davis thereby causing the death of Anthony Davis." The count did not allege that Anthony Davis was related to defendant or that he was a member of defendant's household.

At trial, the State produced evidence, including medical testimony and defendant's written statement that he had shaken the victim, which tended to show that defendant caused Anthony's death. Defendant contested the State's medical evidence and also contended, through his own testimony, that his admission that he had shaken Anthony was the product of improper police pressure. Anthony's relation to defendant, however, was not in dispute. Anthony's mother, testifying initially as a witness for the State, stated that defendant was Anthony's father. Defendant, in his testimony, repeatedly stated that Anthony was his son. In addition, counsel for both parties referred to Anthony as defendant's son throughout the trial.

At the close of evidence, the circuit court asked defendant whether he wanted the jury to be instructed on the lesser-included offense of involuntary manslaughter. The court explained to defendant that involuntary manslaughter was a Class 3 felony and that the prison sentence, if one were given, would be not less than two and not more than five years. After consulting with his attorney, defendant agreed to the instruction. A few moments later, however, the circuit court corrected itself and informed defendant that since the victim was a

member of defendant's family, the lesser offense was in fact a Class 2 felony and that the maximum possible prison sentence was 14 years. See 720 ILCS 5/9—3(f) (West 2000). The following exchange then took place:

"The Court: *** Do you understand that these are the penalties for involuntary manslaughter?

The Defendant: Yes, I do.

The Court: Does this change your decision to ask for this instruction?

The Defendant: No, it does not."

Thereafter, the jury was instructed on the charges of first degree murder and involuntary manslaughter. The instructions made no reference to the victim's status as a family or household member. On January 21, 2003, the jury returned a verdict of guilty of involuntary manslaughter.

In his posttrial motion and during his sentencing hearing, defendant argued, among other things, that under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), he could not be given an enhanced sentence under section 9—3(f) of the Criminal Code because the jury had not found that Anthony was a member of defendant's family or household beyond a reasonable doubt. The State, in response, cited to this court's decision in *People v. Thurow*, 203 Ill. 2d 352 (2003), and contended that any error in failing to instruct the jury as to whether Anthony was a family or household member was harmless. The circuit court agreed. The court noted that "[t]he evidence that the victim was the Defendant's son was uncontested and overwhelming" and that "[n]o properly instructed Jury could have found otherwise." The circuit court sentenced defendant to 10 years' imprisonment.

On appeal, defendant again contended that he could not receive an enhanced sentence under section 9—3(f) of the Criminal Code because the jury had not found, beyond a reasonable doubt, that Anthony was a member

of defendant's family or household. The appellate court rejected this argument. Relying, like the circuit court, on *Thurow*, the appellate court held that any error in failing to instruct the jury on this issue was harmless. 352 Ill. App. 3d at 573-74.

The defendant also argued, for the first time on appeal, that the omission from the indictment of any allegation that Anthony was a member of defendant's family or household violated his right to due process of law. The appellate court rejected this argument as well. Citing to *People v. Gilmore*, 63 Ill. 2d 23, 29-30 (1976), the appellate court held that, when a defendant challenges a charging instrument for the first time on appeal, the defendant must show that the deficient instrument prejudiced the preparation of his defense in order to merit reversal. In this case, the appellate court held, defendant had failed to show prejudice. 352 Ill. App. 3d at 573. In so holding, the appellate court expressly declined to follow *People v. DeBord*, 344 Ill. App. 3d 321 (2003), wherein the appellate court concluded, under facts similar to this case, that the failure to allege in the charging instrument that the victim was a family or household member was plain error. *DeBord*, 344 Ill. App. 3d at 326.

## ANALYSIS

At the outset, we note what is not at issue in this case. Defendant does not contend in this appeal that his sixth amendment rights under *Apprendi* were violated when the circuit court, rather than the jury, found that Anthony was a member of defendant's family. Nor does defendant contest the appellate court's conclusion that any error that occurred when the circuit court failed to instruct the jury on the family or household member question was harmless under *Thurow*.

As defendant states, "this is not 'an *Apprendi* case.' " Instead, according to defendant, "it is a case in which

this Court is asked to follow settled law that a person cannot be convicted of a crime not charged." Defendant does not dispute that the involuntary manslaughter instructions that the jury received in this case were, in themselves, proper, and that he may receive a Class 3 felony sentence. Defendant emphasizes, however, that a finding that the victim of involuntary manslaughter is a family or household member elevates the offense from a Class 3 to a Class 2 felony. From this, defendant argues that the family or household member finding is an "element" of involuntary manslaughter of a family member, an "entirely different" offense from "simple" involuntary manslaughter. Defendant further maintains that, because the family or household member status of the victim was an element of an offense that was not alleged in the indictment, he was convicted of "a Class 2 felony he was never, ever charged with." Citing to this court's statement in *People v. Baldwin*, 199 Ill. 2d 1, 6 (2002), that "[g]enerally, a defendant cannot be convicted of an offense that was never alleged," defendant argues that his sentence should be vacated and the cause remanded to the circuit court for resentencing as a Class 3 felony.

We need not decide whether, as defendant argues, the family or household member finding is an "element" of a separate, involuntary manslaughter offense that should have been included in the indictment. Even if defendant is correct that the indictment should have alleged that Anthony was defendant's son, reversal of defendant's sentence is unwarranted because, as the appellate court below concluded, defendant has failed to show that the preparation of his defense was prejudiced by that omission.

As this court has noted, "the timing of a challenge to the indictment 'has been considered significant in determining whether a defendant is entitled to reversal of his conviction on that ground.' " *People v. Cuadrado,*

214 Ill. 2d 79, 86 (2005), quoting *People v. Benitez*, 169 Ill. 2d 245, 257 (1996).

> " 'When an indictment or information is attacked for the first time on appeal, it is sufficient that the indictment or information "apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." ' *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991) quoting *People v. Gilmore*, 63 Ill. 2d 23, 29 (1976). In other words, the question on appeal is 'whether the defect in the information or indictment prejudiced the defendant in preparing his defense.' *Thingvold*, 145 Ill. 2d at 448." *People v. Davis*, 205 Ill. 2d 349, 375-76 (2002).

See also *Cuadrado*, 214 Ill. 2d at 86-88 (to prevail in a challenge to an indictment that is raised for the first time on appeal, the defendant must show prejudice in the preparation of her defense); *People v. Phillips*, 215 Ill. 2d 554, 562 (2005) (same).

In this case, defendant challenged his indictment for the first time on appeal. *Cf. Baldwin*, 199 Ill. 2d 1 (defendant's objection to the charging instrument raised in a posttrial motion). To prevail in his challenge, therefore, defendant must show prejudice in the preparation of his defense. Defendant has not met this standard. In his brief to this court, defendant states only that "had experienced defense counsel been advised from the outset that the particular element [Anthony's status as a family member] was in issue, he could have adjusted his trial strategy accordingly." However, defendant does not identify what, in fact, he could have done differently. Anthony's mother testified as a witness for the State that the victim was defendant's son. Nothing of record indicates that defendant could have refuted this testimony. To the contrary, defendant himself testified that Anthony was his son. Moreover, during argument on defendant's posttrial motion, the circuit court asked defense counsel whether he could point to "any evidence

that would put in controversy whether the defendant was the father of the victim." Defense counsel stated that he could not.

Further, defendant cannot claim that the alleged deficiency in the indictment affected his decision to have the jury instructed on the lesser-included offense of involuntary manslaughter. As noted, before defendant chose to have the jury instructed on the lesser offense, the circuit court accurately informed defendant of the penalty he faced, given that Anthony was his son. Armed with this knowledge, defendant freely elected to have the jury instructed. Given these facts, we conclude that, even assuming it was error to omit the family or household member allegation from the indictment, defendant failed to suffer any prejudice in the preparation of his defense.

Defendant cites to *DeBord*, which held, under facts similar to this case, that the failure to include the family or household member allegation in an indictment was plain error. The *DeBord* court concluded that "if defendant was convicted of an uncharged offense that was not a lesser-included offense of the charged offense, his due process rights were violated and the error was so prejudicial that it denied him a fair trial." *DeBord*, 344 Ill. App. 3d at 326. Notably, however, *DeBord* does not cite to *Gilmore* or its progeny. Nor does the *DeBord* court explain how the omission from the indictment of the family or household member allegation was prejudicial to the preparation of the defendant's defense, as this court's decisions require. Accordingly, we do not find *DeBord* persuasive. To the extent that *DeBord* is inconsistent with this opinion, it is overruled.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*