# Illinois Official Reports

## Supreme Court

---

### *People v. Salem*, 2016 IL 118693

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WAIL SALEM, Appellant. |
| Docket Nos. | 118693, 118694 cons. |
| Filed | January 22, 2016 |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Will County, the Hon. Richard Schoenstedt, Judge, presiding. |
| Judgment | Appellate court judgment vacated. Appeal reinstated. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Peter A. Carusona, Deputy Defender, and Jay Wiegman, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant. Lisa Madigan, Attorney General, of Springfield, and James Glasgow, State's Attorney, of Joliet (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Michael L. Cebula, Assistant Attorneys General, of Chicago, of counsel), for the People. |

Justices                CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1      In two separate trials, defendant was convicted of unlawful possession of vehicle titles and unlawful possession of a stolen motor vehicle. In each case, defendant filed a motion for new trial more than 30 days after the jury returned the guilty verdict, but less than 30 days after defendant was sentenced. The State did not object to the timeliness of these motions, and the circuit court of Will County heard arguments on the merits of each. The circuit court denied the motions. On appeal, the State argued that the appellate court did not have jurisdiction to consider the merits of defendant's arguments, because the notices of appeal were not filed in compliance with Illinois Supreme Court Rule 606(b) (eff. Feb. 6, 2013). The appellate court, in both cases, concluded that, because the notices of appeal were not filed within 30 days of sentencing nor within 30 days of orders disposing of timely filed motions against the judgment, the appeals were not timely, and thus the appellate court did not have jurisdiction. 2014 IL App (3d) 120390-U; 2014 IL App (3d) 120523-U. For the reasons set forth below, we agree. However, given the unique facts of this case, we find defendant's confusion regarding when to file his appeals was understandable. The right to appeal a criminal conviction is fundamental. Therefore, in the exercise of this court's supervisory authority, we order the appeal reinstated.

¶ 2                            BACKGROUND

¶ 3      Defendant was charged with five counts of unlawful possession of vehicle titles and one count of possession of a stolen motor vehicle. The State opted to proceed to trial on the unlawful possession of vehicle titles counts first. The court dismissed one of these counts by an order of *nolle prosequi*.

¶ 4      During the unlawful possession of vehicle titles trial (the open titles case), defendant objected to the admission of four pieces of evidence of other crimes. Because the trial court found the evidence to be relevant, the evidence was admitted. On December 1, 2011, the jury returned a verdict of guilty on each of the four counts. In the days following the return of the verdict, the trial court, defense counsel, and the State's Attorney discussed scheduling a sentencing hearing in the open titles case and setting a trial date for the stolen motor vehicle case. Defense counsel requested the trial court provide him with certain jury information that he argued would be necessary for a motion for new trial. That request was ultimately denied.

¶ 5      On February 27, 2012, the trial court sentenced defendant to concurrent terms of four and a half years on each of the four open titles charges. After the sentencing decision was announced, the trial court judge admonished defendant regarding his right to appeal. Defense counsel then informed the court that he intended to file a motion for a new trial. The judge noted that counsel would have 30 days to file any posttrial motion and that he would refrain from assigning a public defender and triggering the appeals process until after the motion for new trial was filed. Defense counsel filed the motion for new trial on March 26, 2012—116 days

after the guilty verdict was returned. The State made no objection to the timeliness of the motion. On April 9, 2012, the court heard arguments on the motion for new trial and then denied it. Thirty days later, on May 9, 2012, defendant filed a notice of appeal.

¶ 6   The jury returned a guilty verdict in the stolen motor vehicle case on April 12, 2012. A sentencing hearing was held on May 14, 2012, and a written judgment was entered on May 17, 2012. Defendant filed a motion for new trial on June 5, 2012—54 days after the guilty verdict was returned. The motion was denied on June 21, 2012. Defendant filed a notice of appeal on June 22—one day after the motion for new trial was denied and 36 days after the written judgment was entered.

¶ 7   In both cases on appeal, the State argued that the appellate court lacked jurisdiction based on Illinois Supreme Court Rule 606(b). Rule 606(b) requires that an appeal be filed within 30 days of an entry of final judgment or, if a timely motion is filed attacking a judgment, within 30 days of the order disposing of such motion. Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014). Defendant conceded that the notices of appeal were not filed within 30 days of the entry of final judgment in each case, but argued that, by filing the motions for new trial, he had sufficiently extended the time to file his notices of appeal.

¶ 8   Originally, defendant framed this argument as one falling within the revestment doctrine. This court addressed the scope of the revestment doctrine in *People v. Bailey*, which was decided while defendant's appeals were pending. 2014 IL 115459. Under the revestment doctrine, the trial court regains jurisdiction beyond the 30 days following the entry of a final judgment if both parties " 'actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment.' " *Id.* ¶ 9 (quoting *People v. Kaeding*, 98 Ill. 2d 237, 241 (1983)). The appellate court found that the revestment doctrine did not apply in either of defendant's cases. In light of *Bailey*, defendant conceded that the revestment doctrine did not apply, but argued that the notices of appeal should be considered timely because the trial court had jurisdiction when the motions for new trial were filed and the notices of appeal were filed within 30 days of the orders denying the motions for new trial. The appellate court rejected this argument because the motions for new trial themselves were not timely, as required by Rule 606. Justice Wright dissented in each case. In both cases, Justice Wright agreed with the majority that the revestment doctrine did not apply, but agreed with defendant that the trial court had jurisdiction to hear the motions for new trial and thus that the motions should have extended the time to file a notice of appeal. In the open titles case, Justice Wright addressed the merits of defendant's appeal and concluded that the trial court erred in admitting the evidence of other crimes, in allowing the State to present to the jury federal convictions from more than 10 years ago to impeach defendant's credibility, and in permitting the jury to consider a guilty plea. Therefore, Justice Wright would have vacated defendant's conviction in the open titles case and awarded defendant a new trial.

¶ 9   Defendant sought leave to appeal both cases to this court, pursuant to Illinois Supreme Court Rule 315 (eff. July 1, 2013). We allowed both petitions and consolidated the two appeals.

¶ 10                                        ANALYSIS

¶ 11   The only issue before the court is whether the appellate court had jurisdiction. This is a question of law, which this court reviews *de novo. People v. Marker*, 233 Ill. 2d 158, 162

(2009). "The appellate court's jurisdiction turns on litigants' compliance with our rules, specifically including the timelines established therein." *People v. Lyles*, 217 Ill. 2d 210, 217 (2005). Therefore, resolving this question requires the court to interpret Rule 606, which establishes the procedure and timeline for perfecting an appeal, and section 116-1 of the Code of Criminal Procedure of 1963, which establishes the procedure and timeline for filing a motion for new trial. This court reviews *de novo* the interpretation of supreme court rules and statutes. *Marker*, 233 Ill. 2d at 162. "When interpreting supreme court rules, our court is guided by the same principles applicable to the construction of statutes. [Citation.] With rules, as with statutes, our goal is to ascertain and give effect to the drafters' intention. [Citation.] The most reliable indicator of intent is the language used, which must be given its plain and ordinary meaning. [Citation.]" *Id.* at 164-65.

¶ 12    Subsection (b) of Rule 606 provides, in relevant part, that "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b). In a criminal case, the entry of a sentence constitutes the final judgment in the case. *People v. Baldwin*, 199 Ill. 2d 1, 5 (2002). Both parties agree that the notices of appeal were not filed within 30 days of sentencing in each case. Defendant relies on his motions for new trial, as motions against the judgments, to extend the deadline for filing a notice of appeal beyond the 30 days following the entry of final judgment.

¶ 13    The plain language of Rule 606(b) requires that a motion challenging a judgment be timely filed in order to toll the 30-day deadline to file a notice of appeal. Ill. S. Ct. R. 606(b). Defendant contends that, for purposes of the rule, a motion against the judgment is timely so long as the trial court had jurisdiction to rule on the motion. In support of this argument, defendant cites *People v. Talach*, 114 Ill. App. 3d 813 (1983). In *Talach*, the defendant filed a motion against the judgment more than 30 days after a verdict was returned, but before the expiration of the 30-day period following the entry of final judgment. *Id.* at 818. The court found that "[t]he trial court still retains jurisdiction after 30 days from the entry of the verdict because the final judgment in a criminal case is the pronouncement of sentence." *Id.* Accordingly, the appellate court concluded that the trial court had jurisdiction when the motion was filed and had discretion either to dismiss the motion as untimely or consider its merits. *Id.* at 818-19. Defendant also cites *People v. Gilmore*, which addresses a similar factual scenario and applies the holding from *Talach*. *People v. Gilmore*, 356 Ill. App. 3d 1023 (2005). These cases, however, only demonstrate that the trial court has jurisdiction to consider untimely motions. These cases do not address whether filing an untimely motion extends the time to file an appeal.

¶ 14    Rule 606 does not define the term "timely." However, the Code of Criminal Procedure has long provided the timelines for when various motions must be filed. Therefore, a motion for new trial is timely for purposes of Rule 606 if it is filed in compliance with the deadline set forth in the Code. See *People v. Willoughby*, 362 Ill. App. 3d 480, 482 (2005) (concluding that, because the defendant's motion for new trial was filed by the deadline set forth in section 116-1(b) of the Code of Criminal Procedure, the motion was timely for purposes of Rule 606); see also *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538 (1984) (concluding that, because a motion to reconsider was not filed within the timeline set forth in the Code of Civil Procedure, the motion was not timely for purposes of Rule 303 (Rule 606's equivalent for civil

cases)). Section 116-1(b) of the Code of Criminal Procedure provides that: "A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict." 725 ILCS 5/116-1(b) (West 2014). Both of defendant's motions for new trial were filed later than 30 days after the jury verdicts were returned.

¶ 15 Defendant argues that section 116-1 is not jurisdictional and should not be determinative of whether the motions were timely for purposes of Rule 606. In support, he cites cases in which the court has held that the written motion requirement in section 116 is not a jurisdictional requirement to argue that the time requirement in that section is also not a jurisdictional requirement. See *People v. Enoch*, 122 Ill. 2d 176, 186-87 (1988) (concluding that the State's failure to object to the oral form of the motion for new trial waived the written motion requirement); *People v. Friesland*, 109 Ill. 2d 369, 377 (1985) (citing several cases in which the State waived the written requirement for a motion for new trial by failing to object to an oral motion). While the requirements of section 116 may not control questions of jurisdiction in the trial court, compliance with Rule 606, including the requirement that a motion be timely filed, is required for the appellate court to have jurisdiction. Ill. S. Ct. R. 606(a).

¶ 16 If we were to adopt defendant's reading of Rule 606(b), any motion filed while the trial court had jurisdiction would extend the time to file a notice of appeal and the term "timely" would be rendered meaningless. This court is obliged "to avoid a construction which renders a part of the statute superfluous or redundant, and instead presume that each part of the statute has meaning." *People v. Baskerville*, 2012 IL 111056, ¶ 25 (citing *People v. Jones*, 223 Ill. 2d 569, 594 (2006)). Thus, we reject defendant's interpretation of the rule. Because defendant failed to meet the deadline provided in section 116 for filing a motion for new trial, he failed to meet either of the deadlines provided in Rule 606(b) for filing a notice of appeal. Consequently, the appellate court lacked jurisdiction.

¶ 17 Defendant alternatively urges this court to consider the appeals timely because the notices were filed before the extended deadline for filing a late appeal set forth in subsection (c) of Rule 606 expired. Defendant cites *People v. Williams*, 59 Ill. 2d 243 (1974), and *People v. Brown*, 54 Ill. 2d 25 (1973), in support of his argument that subsection (c) somehow saves his untimely notices of appeal. Neither of these cases turns on the fact that the late appeals were filed within the time period set forth in subsection (c). In fact, the majority opinion in *Brown* makes no mention of Rule 606(c). Instead, the court in *Brown* held that the appellate court abused its discretion in dismissing the appeal on its own motion, because the trial court had failed to advise the defendant of his right to appeal and at least two years had passed during which the court had accepted briefs from each party and heard oral arguments. *Brown*, 54 Ill. 2d at 26-27. Furthermore, the court considered the defendant to have made a motion for leave to file a late appeal in his petition for rehearing. *Id.* at 26. The court in *Williams* relied on the holding in *Brown* and also concluded that the appellate court abused its discretion given the "exceptional circumstances" of the situation. *People v. Frey*, 67 Ill. 2d 77, 84 (1977) (discussing *Williams*, 59 Ill. 2d at 246).

¶ 18 We see no reason why the appellate court in this case should have considered the appeal timely under subsection (c). Defendant did not file any affidavit explaining why the appeals were late or meet any of the other requirements set forth in the rule. Without fulfilling those requirements, a defendant cannot expect the appellate court to alternatively consider an extended deadline *sua sponte*.

¶ 19 Defendant also suggests that the appellate court should have excused defendant's failure to adhere to the requirements of Rule 606(b). The appellate court had no discretion to forgive defendant's failure to comply with the rule. "[T]he appellate and circuit courts of this state *must* enforce and abide by the rules of this court. The appellate court's power 'attaches only upon compliance with the rules governing appeals.' " (Emphasis in original.) *Lyles*, 217 Ill. 2d at 216 (quoting *People v. Flowers*, 208 Ill. 2d 291, 308 (2003)); see also *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009) ("[T]he appellate court does not have the authority to excuse the filing requirements of the supreme court rules governing appeals.").

¶ 20 Lastly, defendant urges this court to exercise its supervisory authority and reinstate the appeals. Article VI, section 16, of the Illinois Constitution vests this court with supervisory authority over all of the lower courts of this state. Ill. Const. 1970, art. VI, § 16; *In re J.T.*, 221 Ill. 2d 338, 347 (2006). This authority is "unlimited in extent and hampered by no specific rules or means for its exercise." *In re Estate of Funk*, 221 Ill. 2d 30, 97 (2006). It is "an 'unequivocal grant of power.' [Citation.] This authority extends to 'the adjudication and application of law and the procedural administration of the courts.' " (Internal quotation marks omitted.) *People v. Whitfield*, 228 Ill. 2d 502, 521 (2007).

¶ 21 This court has previously exercised its authority to instruct the appellate court to hear the merits of a case after the appellate court lost jurisdiction. See, *e.g.*, *Lyles*, 217 Ill. 2d at 220. However, "[s]upervisory orders are disfavored." *In re J.T.*, 221 Ill. 2d at 347. "[A]s a general rule, this court will issue a supervisory order only if the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice, or where intervention is necessary to keep an inferior court or tribunal from acting beyond the scope of its authority." *Id.* (citing *People ex rel. Birkett v. Bakalis*, 196 Ill. 2d 510, 513 (2001)).

¶ 22 In seeking a supervisory order, defendant highlights the apparent confusion of trial counsel and the court regarding the time to file a motion for new trial. At the February 27 sentencing hearing in the open titles case, weeks after the 30-day deadline to file a motion for new trial had expired, counsel and the court discussed scheduling a time to file and hear a motion for new trial. Counsel also filed a preliminary motion for jury information to be used to inform his motion for new trial, pushing the filing back even later. Neither the State's Attorney nor the trial court took issue with the timeliness of defendant's motions for new trial. Furthermore, the court heard arguments on the motions, and the State responded on the merits. The timeliness of the motions was not discussed until the State filed its responses in the appellate court. Even then, the parties were preoccupied with a discussion of the scope of the revestment doctrine, indicating additional confusion on the part of all parties involved regarding when to file a motion for new trial and subsequent notice of appeal. We also note that the dissenting justice found defendant's substantive arguments in his motion in the open titles case to be compelling, suggesting that defendant's appeal, had it been timely, may have been successful. 2014 IL App (3d) 120390-U, ¶¶ 28-42.

¶ 23 Given the unique facts of this case, we find that defendant has not been afforded adequate relief by the normal appellate process through no fault of his own. The right to appeal a criminal conviction is fundamental and thus it is in the best interest of justice that we reinstate defendant's appeal. *People v. Ross*, 229 Ill. 2d 255, 268 (2008) ("A criminal defendant has no

federal constitutional right to a direct appeal, but under the Illinois Constitution the right to appeal a criminal conviction is fundamental."). However, we reiterate that the appellate court was correct in finding that it lacked jurisdiction. Should a similar situation present itself in the future, the appellate court would not have the authority to excuse compliance with Rule 606(b). See *Lyles*, 217 Ill. 2d at 220 (explaining how the appellate court ought to approach future cases similar to the one in which the court was issuing a supervisory order).

¶ 24                                                    CONCLUSION

¶ 25         For the appellate court to have jurisdiction in a criminal case, a notice of appeal must be filed either 30 days from the entry of final judgment or, if a timely motion is filed challenging a judgment, within 30 days of the entry of an order disposing of such motion. In this case, defendant's appeals would have been timely only if his motions for new trial had been timely. Section 116-1(b) of the Code of Criminal Procedure requires motions for a new trial be filed within 30 days of the return of a jury verdict. In both cases, defendant failed to file his motion for new trial by this deadline. Thus, the time to file an appeal was not extended by the filing of the motions. That the trial court had jurisdiction to consider the untimely motions is irrelevant for purposes of determining whether the appellate court had jurisdiction. It is also irrelevant that defendant's notices of appeal were filed within the extended six-month period for filing late appeals under Rule 606(c), as defendant failed to comply with any of the requirements for filing a late notice of appeal. Therefore, the appellate court was correct when it dismissed defendant's appeals for lack of jurisdiction. However, given the unique facts of this case and the importance of allowing defendant to appeal his criminal conviction, the appellate court is directed to vacate its judgment and consider the merits of defendant's appeal.

¶ 26         Appellate court judgment vacated.

¶ 27         Appeal reinstated.