NOTICE
Decision filed 09/30/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 160355-U

NO. 5-16-0355

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clay County. |
| | ) | |
| v. | ) | No. 14-CM-66 |
| | ) | |
| RONALD D. COLLINS, | ) | Honorable |
| | ) | Wm. Robin Todd, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the judgment of the court.
Presiding Justice Overstreet and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held:* Where the defendant, Ronald D. Collins, did not timely file his posttrial motion alternatively seeking a new trial, to arrest the judgment, or for judgment notwithstanding the verdict, and also did not timely file his notice of appeal, we do not have appellate jurisdiction and dismiss the appeal.

¶ 2    The defendant, Ronald D. Collins, was found guilty of misdemeanor sexual exploitation of a child. He was sentenced to 24 months of probation. The defendant appeals claiming prosecutorial misconduct denied him a fair trial, that the trial court committed reversible error by allowing a police officer to provide testimony about a surveillance video, and that trial counsel was ineffective for not asking the court to redact his interrogation video. For the reasons stated in this order, we do not have appellate jurisdiction and dismiss the appeal.

1

¶ 3                              BACKGROUND

¶ 4     On July 16, 2014, the State charged the defendant with one count of sexual exploitation of a child in violation of section 11-9.1(a)(2) of the Criminal Code of 2012 (a misdemeanor) for allegedly exposing his sex organs in the presence of two minor females for his own sexual gratification. 720 ILCS 5/11-9.1(a)(2) (West 2012).

¶ 5     The facts of this case all occurred on a Walmart store parking lot in Flora on June 20, 2014. The defendant went to Walmart to shop. After he finished shopping, he returned to his truck on the parking lot. He noticed a minivan parked in a row opposite his row. There were two girls in the minivan that the defendant believed were 16 or 17 years of age. M.P. was 13 years of age, and E.P. was 10 years of age. The defendant claimed that the two girls exposed their breasts to him. The defendant then moved his truck to a different parking spot, allegedly to contact his wife to ensure that he had purchased the correct item. Then the defendant moved his truck again and parked next to the minivan for the purpose of seeing if the two girls would flash him again. When they did not flash him, the defendant claims that he left the parking lot.

¶ 6     The two young girls told a different version of the events that took place on the Flora Walmart parking lot. The two girls were with their mother who had gone into Walmart to shop. The girls decided to stay in their minivan. A man, parked in a truck across from their minivan, was staring at them. Both girls denied that they exposed their breasts to this man. They thought that the man left, but then he pulled into the empty parking spot next to them. M.P. stated that the man used his mobile phone to access photos of naked women and held the phone at an angle so the two girls could see the photos. E.P. told police that she was not able to see any images on the man's mobile phone. At trial, E.P. testified that she did see images on the man's phone. M.P. said that the man then exited his truck, pulled out his penis, and began "touching it." When their mother

2

came out of Walmart, the man got back into his truck and drove away. M.P. then exited the minivan and ran to tell her mother what had happened.

¶ 7    The case went to trial before a jury on April 11, 2016.

¶ 8    At trial, M.P., E.P., and their mother, Elizabeth P., testified for the State about the events of June 20, 2014. Although Elizabeth P. was inside Walmart when the events occurred, she testified about what M.P. told her and about M.P.'s emotional demeanor. Chelsea Williams, a Walmart employee, testified about the video surveillance system in place at the Flora Walmart, and about her work with the Flora Police Department to locate the footage of the alleged parking lot events of June 20, 2014. Sergeant Jeremy Ruger of the Flora Police Department testified about the evening of June 20, 2014, when Elizabeth P. came to the department to report this man's actions, and testified about his resulting investigation. Sergeant Ruger provided commentary to video clips provided by Walmart, including some of the events that took place on June 20, 2014. He also introduced the videotaped interview of the defendant that was played for the jury. In this video, the defendant claimed that the girls flashed him, he acknowledged moving his truck and parking next to their minivan, he could not remember whether he exited his truck after parking next to their minivan, and he adamantly and repeatedly denied masturbatory activity.

¶ 9    After closing arguments and the court's instructions to the jury, the jury deliberated for 40 minutes before returning a guilty verdict on April 12, 2016.

¶ 10   On June 13, 2016, the defendant was sentenced to 24 months of probation.

¶ 11   On July 12, 2016,—91 days after the guilty verdict—defense counsel filed a motion to arrest judgment, for new trial, for a judgment notwithstanding the verdict, and for a new sentencing hearing or a reduced sentence. In this motion, the defendant alleged the following issues: (1) that the State prejudicially added E.B. as a crime victim solely because of her youthful appearance even

3

though she witnessed nothing and could not therefore be a "victim"; (2) that during *voir dire*, the State mischaracterized the burden of proof, and although defense counsel's objection was sustained, the State's comments served to minimize the burden of proof in the minds of the prospective jurors; (3) that the trial court improperly denied his motion *in limine* to restrict the scope of the Walmart parking lot video clips, and that this error was compounded by Sergeant Ruger's testimony highlighting the portion of the video clips in which he believed there was movement between the two vehicles; (4) that the State improperly argued in closing that the defendant obscured a clear view from the Walmart surveillance camera by the manner in which he parked; (5) that the State improperly referred to the defendant's behavior on the parking lot as "stalking," and because the defendant was not charged with a stalking crime, the argument was impermissibly prejudicial; (6) that the State improperly referred to the defendant's behavior on the parking lot as "predatory," and this characterization was impermissibly prejudicial; (7) that the cumulative effect of all of the State's improper arguments and theories rendered the jury's verdict a nullity; and (8) that the defendant should not have had to register as a sex offender, and should have been sentenced to supervision.

¶ 12    The State filed a motion to strike those portions of the defendant's posttrial motion seeking a new trial, arrest of judgment, and/or judgment notwithstanding the verdict (seven of the eight arguments) on the basis that the defendant failed to file his motion within 30 days of the guilty verdict, and therefore the motion was untimely. The State also argued that the sentencing argument was meritless because the trial court reviewed the relevant sentencing statutes and found that supervision was not statutorily allowed for a conviction of sexual exploitation of a child.

¶ 13    On August 15, 2016, the trial court granted the State's motion to strike the defendant's posttrial motion.

¶ 14    On August 15, 2016, the defendant filed his notice of appeal.

¶ 15                              LAW AND ANALYSIS

¶ 16    We initially address the issue of appellate jurisdiction. Although neither the State nor the defendant has raised an appellate jurisdiction issue, "the appellate court has an independent duty to consider its jurisdiction before proceeding to the merits of the case. When jurisdiction is lacking, the court must dismiss the appeal on its own motion." *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210, 642 N.E.2d 1264, 1266 (1994); see also *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E.2d 1053, 1058 (2008). We find that the defendant did not comply with the statutory time requirements of the Code of Criminal Procedure of 1963 (Code) and Illinois Supreme Court Rule 606(b), and therefore we do not have appellate jurisdiction.[1] 725 ILCS 5/116-1, 116-2, 115-4(k) (West 2014); Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014).

¶ 17    The final judgment in a criminal case is the entry of the sentence. *People v. Salem*, 2016 IL 118693, ¶ 12, 47 N.E.3d 997 (citing *People v. Baldwin*, 199 Ill. 2d 1, 5, 764 N.E.2d 1126, 1128 (2002)). A defendant must file a notice of appeal within 30 days of the date of sentencing unless the defendant filed a timely posttrial motion, which extends the deadline until 30 days after the trial court rules on the posttrial motion. Ill. S. Ct. R. 606(b).

¶ 18    The Code has various sections setting time limits by which a defendant must file a motion attacking aspects of a trial or the resulting judgment. "A written motion for a new trial shall be filed by the defendant within 30 days following *** the return of a verdict." 725 ILCS 5/116-1(b)

---

[1]The defendant's sentencing issue may have been timely filed in his posttrial motion. However, the defendant did not raise a sentencing issue in this appeal, and so the issue is not before this court. We note that the trial court appears to have struck the sentencing issue along with the trial-related issues based on jurisdiction. If the sentencing issue was improperly struck as opposed to being denied, we find that the trial court's original determination that the defendant was not entitled to supervision was correct. See 730 ILCS 5/5-6-1(c)(1) (West 2014) (stating that supervision could be ordered if the defendant was not convicted of sexual exploitation of a child (720 ILCS 5/11-9.1 (West 2012)).

(West 2014). Similarly, "[a] written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty." *Id.* § 116-2(a). Finally, with respect to the defendant's motion for judgment notwithstanding the verdict, the following rule applies to the timing of the motion: "When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant." *Id.* § 115-4(k).

¶ 19    Here, the defendant was found guilty by the jury on April 12, 2016, and was sentenced on June 13, 2016. The defendant filed his posttrial motion on July 12, 2016,—91 days after the jury's verdict. Accordingly, because the defendant did not timely file a posttrial motion directed to trial-related issues, the trial court properly utilized its discretion to dismiss the motion as untimely and not consider its merits. *Salem*, 2016 IL 118693, ¶ 13 (the trial court retains jurisdiction to consider a motion against the judgment filed more than 30 days after verdict, but before the expiration of the 30-day period following the entry of final judgment—the sentence (citing *People v. Talach*, 114 Ill. App. 3d 813, 818-19, 448 N.E.2d 638, 642 (1983))).

¶ 20    We also find that because the defendant untimely filed his posttrial motion, he is also unable to comply with Supreme Court Rule 606(b). Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014). Rule 606(b) states: "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." *Id.*

¶ 21    In *People v. Salem*, the supreme court analyzed the issue of appellate jurisdiction, Rule 606(b), and section 116-1 of the Code, stating: " 'The appellate court's jurisdiction turns on litigants' compliance with our rules, specifically including the timelines established therein.' "

*Salem*, 2016 IL 118693, ¶ 11 (quoting *People v. Lyles*, 217 Ill. 2d 210, 217, 840 N.E.2d 1187, 1192 (2005)).

¶ 22    The court affirmed that the final judgment in a criminal case is the entry of a sentence. *Id.* ¶ 12 (citing *Baldwin*, 199 Ill. 2d at 5). In *Salem*, the defendant was found guilty in two separate cases on April 12, 2012; the formal sentences were entered on May 17, 2012; the defendant filed motions for new trials on June 5, 2012, that the trial court denied on June 21, 2012; and the defendant filed his notices of appeal on June 22, 2012. *Id.* ¶¶ 6, 12. The defendant's motions for new trials were filed 54 days after the guilty verdicts were entered and 36 days after the final sentence judgments were entered. *Id.* He argued that these motions extended the deadline for filing a notice of appeal beyond the 30 days following the entry of the final sentence judgment. *Id.* ¶ 12.

¶ 23    Although the supreme court did not define the term "timely," in Supreme Court Rule 606(b), the Code has provided relevant time limits. The motion for a new trial is therefore "timely for purposes of Rule 606 if it is filed in compliance with the deadline set forth in the Code." *Id.* ¶ 14. Therefore, if a motion for a new trial is not filed within 30 days after the verdict, the motion is untimely. The untimely motion for a new trial is directly tied to the separate deadline for filing a notice of appeal on trial-related issues—within 30 days after a "timely" motion is ruled upon. Ill. S. Ct. R. 606(b). Thus, the notice of appeal would also be untimely. Noting that the defendant's motions for new trials were not filed within the mandatory 30 days after verdict, the supreme court found that because he failed to meet the 30-day deadline mandated by section 116, "he failed to meet either of the deadlines provided in Rule 606(b) for filing a notice of appeal" and the appellate court lacked jurisdiction. *Salem*, 2016 IL 118693, ¶¶ 14, 16.

¶ 24    Furthermore, the supreme court cautioned the appellate court that it has "no discretion to forgive defendant's failure to comply with the rule." *Id.* ¶ 19. "[T]he appellate and circuit courts

7

of this state *must* enforce and abide by the rules of this court. The appellate court's power 'attaches only upon compliance with the rules governing appeals.' " (Emphasis in original and internal quotation marks omitted.) *Id.* (quoting *Lyles*, 217 Ill. 2d at 216).

¶ 25    Turning to the facts of this case, there is no question that the defendant did not timely file his posttrial motion seeking a new trial, to arrest judgment and for judgment notwithstanding the verdict. Although the defendant filed his notice of appeal on the same date that the trial court struck his posttrial motion, this filing was not in compliance with Supreme Court Rule 606(b). The final judgment in this case was the sentence order entered by the trial court on June 13, 2016, and his notice of appeal was not filed until August 15, 2016, well outside of the 30 days. Ill. S. Ct. R. 606(b). Similarly, the defendant's posttrial motion was not compliant with Rule 606(b) in that any motion seeking relief from the trial and verdict (motion for a new trial, motion to arrest judgment, and motion for judgment notwithstanding the verdict) must have been filed in compliance with Rule 606(b). Rule 606(b) mandates that the posttrial motion directed against the judgment be timely filed. *Id.* As previously indicated, motions seeking relief from a trial and verdict must be filed within 30 days of the jury's verdict. 725 ILCS 5/116-1, 116-2, 115-4(k) (West 2014). As the supreme court stated in conclusion in *People v. Salem*, "defendant's appeal[ ] would have been timely only if his motion[ ] for new trial had been timely. *** [T]he time to file an appeal was not extended by the filing of the motion[ ]." *Salem*, 2016 IL 118693, ¶ 25.

¶ 26    In *People v. Salem*, the supreme court ultimately concluded that the unique facts of the case warranted a supervisory order authorizing and directing the appellate court to consider the merits of the appeal despite the supreme court's determination that the appellate court did not have jurisdiction. *Id.* ¶¶ 23, 25. The court based its decision to enter a supervisory order on two grounds. First, at the conclusion of the sentencing hearing, weeks after the 30-day deadline to file a motion

for a new trial had passed, the trial court admonished the defendant about his timeline in which to file his motions for new trials. *Id*. ¶ 22. In other words, the trial court misinformed the defendant of his rights. Counsel for both sides also seemed confused and joined in the discussion of the impending motions for new trials. *Id*. Secondly, the trial court and the State did not take issue with the defendant's untimely motions for new trials, and the State responded to the motions on their merits. *Id*.

¶ 27 We find that there are no unique facts in this case resulting in the defendant not being "afforded adequate relief by the normal appellate process," as found by the supreme court in *People v. Salem*.[2] *Id.* ¶ 23. Following the June 13, 2016, sentencing, the trial judge admonished the defendant of his right to appeal his conviction as follows:

> "The right to appeal the judgment of conviction *** will be preserved only if a notice of appeal is filed in the trial court within thirty days from the date of which sentence was imposed, that would be thirty days from today. Prior to taking an appeal, if you seek to challenge the correctness of the sentence or any aspect of the sentencing hearing, you must file in the trial court within thirty days of the date on which sentence is imposed, that's again thirty days from today, a written motion asking to have the trial court reconsider the sentence imposed or consider any challenges to the sentencing hearing setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing. ***
>
> In order to preserve the right to appeal following the disposition of the motion to reconsider sentence or any challenges regarding the sentencing hearing, you must file a notice of appeal in the trial court within thirty days from the entry of the order disposing of your motion to reconsider sentence or [order] disposing of any challenges to the sentencing hearing."

Unlike the trial court's admonishments in *People v. Salem*, here the trial judge explicitly admonished the defendant on how to preserve his sentencing issues—and did not inform him that he still maintained the right to seek a new trial. The trial court had a clear understanding that the

---

[2]Nor are we permitted to extend appellate relief. Only the supreme court has the authority to excuse compliance with Rule 606(b). *Salem*, 2016 IL 118693, ¶ 23.

defendant's timeframe to file a motion related to the trial had expired. Moreover, upon filing his untimely posttrial motion, the State did not address the merits of the defendant's motion and instead filed its motion to strike on jurisdictional grounds.

¶ 28    We conclude that the defendant did not timely file his posttrial motion, that he did not timely file his notice of appeal, and that we do not have jurisdiction to hear this appeal.

¶ 29                                    CONCLUSION

¶ 30    For the foregoing reasons, we dismiss the defendant's appeal.


¶ 31    Appeal dismissed.