NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220966-U

NOS. 4-22-0966, 4-22-0967 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 10, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* M.R., a Minor, | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Mason County |
| Petitioner-Appellee, | ) | Nos. 21JA11 |
| v. | ) | 21JA12 |
| EVELYN R., | ) | |
| Respondent-Appellant). | ) | Honorable |
| | ) | Alan D. Tucker, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice DeArmond and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: Respondent's untimely appeal is dismissed for lack of appellate jurisdiction.

¶ 2    In this consolidated appeal, respondent Evelyn R. challenges the dispositional order

of the trial court finding her unfit with regard to her minor children, M.R. (born 2007) and T.R.

(born 2011). We find the appeal untimely and therefore dismiss for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4    In October 2021, the State filed a petition for adjudication of wardship of M.R. and

T.R., alleging the minors were neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act

of 1987 (705 ILCS 405/2-3(1)(b) (West 2020)) due to ongoing domestic violence issues between

respondent and Robert K., her husband at the time. Legal counsel was appointed for respondent

and she was represented throughout these proceedings. Respondent stipulated to the alleged neglect of the minors during the adjudicatory hearing, and the trial court entered an order to that effect.

¶ 5 A shelter care hearing followed in November 2021, and the trial court granted temporary custody and guardianship of the minors to the Department of Children and Family Services (DCFS). Both minors were placed with their biological father, Derick R.

¶ 6 A dispositional hearing was held on February 22, 2022, where the trial court found respondent unfit based on the State's evidence supporting the allegations of domestic violence in the home. The court found Derick R. to be fit, willing, and able to care for the minors and ordered that the minors remain with him. The court ordered the preparation of a service plan for respondent to correct the issues that necessitated the removal of the minors and ordered DCFS to provide referrals for those services.

¶ 7 The trial court held two permanency review hearings, one in May 2022, and another on July 12, 2022. At the July hearing, the court agreed to close the case based on a lack of jurisdiction because Derick R. was fit, willing, and able to care for the minors. Custody and guardianship of the minors was returned to Derick R., respondent was found unfit, and the matter was closed.

¶ 8 On August 8, 2022, respondent filed a *pro se* petition to reconsider and for appointment of counsel. Counsel was appointed and then filed an amended motion to reconsider, arguing that the trial court's dispositional order finding respondent unfit was made in error. The motion was argued and denied on October 18, 2022, with the court stating the order was "final and appealable." A notice of appeal was filed on October 26, 2022.

¶ 9 This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11         In her opening brief, respondent challenges the propriety of the dispositional order

entered on February 22, 2022, arguing the judgment was against the manifest weight of the

evidence. The State argues we lack jurisdiction owing to respondent's failure to timely file a notice

of appeal following the dispositional order. Respondent asserts that *In re Faith B*., 216 Ill. 2d 1

(2005), provides jurisdiction to review the order. Appellate jurisdiction is a question of law that

we review *de novo*. *People v. Salem*, 2016 IL 118693, ¶ 11.

¶ 12         In *Faith B.*, our supreme court found appellate jurisdiction to review an appeal of a

trial court's permanency order, an order that is generally *not* final and appealable. *Faith B.*, 216

Ill. 2d at 18. The court reasoned:

                    "The permanency order entered in this case was atypical in several

              ways, each of which indicates that it was intended to be a final and

              permanent order. First, it was entered as part of a dispositional order, which

              the circuit court specifically stated was 'final and appealable.' Second, the

              circuit court declined to set any subsequent permanency hearings. Third, the

              trial judge's comments at the dispositional hearing while setting the

              permanency goal clearly indicated that the court believed the *only*

              acceptable plan in this case was guardianship by the aunts. Finally, perhaps

              the most important indications of the circuit court's intent are that the goal

              was guardianship by a relative, and that the goal *was the status quo at the*

              *time the court set the goal*. That is, the goal the court set—guardianship by

              the aunts—was achieved as soon as the court set it, because in the order

              setting that goal the court also placed guardianship and custody with the

aunts. Thus, unlike a typical permanency goal, there was *no* time during which the goal remained open and subject to modification. All of the facts noted above point to the conclusion that the circuit court intended that the goal would not subsequently be modified.

Thus, because the permanency order was intended as final and immutable at the time it was entered, we conclude that the appellate court did in fact have jurisdiction to review the order pursuant to Rule 301." (Emphases in original.) *Id.* at 17-18.

¶ 13 We are not faced with the same circumstances as those in *Faith B.* Initially, respondent is not challenging a permanency order in her opening brief, but, rather, the dispositional order determining whether it is in the best interests of the minor and public that the minor be made a ward of the court. See 705 ILCS 405/2-22 (West 2020). It is well settled that a dispositional order is generally final and appealable. *In re D.D.*, 212 Ill. 2d 410, 418 (2004). Further, the dispositional order in this case was not the only order entered in the matter, as the trial court held two permanency hearings afterward requiring DCFS to provide a service plan and referrals for services to respondent. With the holding of *Faith B.* inapplicable to this matter, our jurisdiction turns on compliance with supreme court rules, " 'specifically including the timelines established therein.' " *Salem*, 2016 IL 118693, ¶ 11 (quoting *People v. Lyles*, 217 Ill. 2d 210, 217 (2005)).

¶ 14 Illinois Supreme Court Rule 660(b) (eff. Oct. 1, 2001) provides that, in proceedings such as these, appeals from final judgments under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2020)) are governed by the rules applicable to civil cases. As mentioned above, the dispositional order was a final and appealable judgment. To properly perfect an appeal in a civil case, the notice of appeal must be filed within 30 days after entry of a final order, unless

a timely postjudgment motion is directed against the judgment, or a motion supported by reasonable excuse for failure to file the appeal is granted under subsection (d) of the rule. Ill. S. Ct. R. 303(a)(1), (d) (eff. July 1, 2017). Here, the dispositional order was entered in February 2022, there was no motion pursuant to subsection (d) of Rule 303 filed, and the motion to reconsider filed in August 2022 is the type of postjudgment motion that must be filed within 30 days after entry of the challenged judgment. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538 (1984). Consequently, because neither the motion to reconsider nor the notice of appeal was filed within 30 days of the final judgment challenged on appeal, we lack jurisdiction to consider the merits of the appeal.

¶ 15        Acknowledging this court may lack jurisdiction to review the dispositional order, respondent's reply brief asserts challenges to the permanency order of July 12, 2022 and the trial court's finding that she remained unfit. However, we will not consider arguments raised for the first time in a reply brief. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief ***."). Accordingly, we dismiss this appeal for lack of jurisdiction.

¶ 16                               III. CONCLUSION

¶ 17        For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 18        Appeal dismissed.