2023 IL App (1st) 221157-U

FOURTH DIVISION
Order filed: June 15, 2023

No. 1-22-1157

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| *In re* PARENTAGE OF D.S., a minor, | ) Appeal from the |
| | ) Circuit Court of |
| De ELVIN STEWART | ) Cook County |
| | ) |
| Pettioner-Appellant, | ) |
| | ) No. 2014 D 079284 |
| vs. | ) |
| | ) |
| EBONY MAHOON, | ) Honorable |
| | ) Marita C. Sullivan, |
| Respondent-Appellee. | ) Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  This appeal was dismissed for want of appellate jurisdiction.

¶ 2    The petitioner-appellant, De Elvin Stewart, filed a *pro se* notice of appeal on August 2, 2022, in the office of the Clerk of the Circuit Court of Cook County, stating that he was appealing from orders of the circuit court entered on May 18, 2022, and June 28, 2022. Our examination of

the record fails to reveal any order entered by the circuit court in this case on May 18, 2022, and no such order is attached to the notice of appeal or contained in the appendix to Stewart's brief. As for Stewart's appeal taken from the circuit court's order of June 28, 2022, we dismiss the appeal for want of jurisdiction.

¶ 3    Although the respondent, Ebony Mahoon, has neither filed a brief nor contested our jurisdiction, we are obligated to consider *sua sponte* whether we have jurisdiction to entertain this appeal and to dismiss the appeal if that jurisdiction is lacking. *In re Marriage of Duggan,* 376 Ill. App. 3d 725, 727 (2007).

¶ 4    It appears from the record that Stewart filed a motion on May 18, 2022, seeking an order transferring venue of the instant case from Cook County to Peoria County. On June 28, 2022, the circuit court entered an order granting Stewart's motion to transfer this matter to Peoria County and taking the matter "Off Call in Cook County, Illinois."

¶ 5    Appellate jurisdiction is limited to review of final judgments and orders "except as specifically provided in the supreme court rules[] ***." *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 108 (2005) (citing *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994)). A final judgment is defined as "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982).

¶ 6    The circuit court's order of June 28, 2022, was not a final order, it  merely transferred venue from Cook County to Peoria County and took the matter "off call" in Cook County. The order did not ascertain or fix absolutely the right of any party to the action.  Contrary to the jurisdictional statement in Stewart's brief, the trial court's order of June 28, 2022, did not end the action or any part thereof and was, therefore, not appealable under either Illinois Supreme Court

Rule 301 (eff. Feb. 1, 1994) or 304(a) (eff. Mar. 8, 2016). Also contrary to the jurisdictional statement in Stewart's brief, the June 28, 2022, order does not contain a special finding under Rule 304(a).

¶ 7    Illinois Supreme Court Rule 306(a)(4)(eff. Oct. 1, 2020) provides, in relevant part, that a party may petition for leave to appeal to the Appellate Court "from an order of the circuit court granting or denying a motion to transfer venue based on the assertion that the defendant is not a resident of the county in which the action was commenced." Assuming for the sake of analysis, but not so holding, that a petition for leave to appeal the trial court's order of June 28, 2022, could have been brought pursuant to Rule 306(a)(4), we would still lack jurisdiction.

¶ 8    A petition for leave to appeal pursuant to Rule 306(a)(4) must be filed in the Appellate Court within 30 days of the entry of the trial court's order. Ill. S. Ct. R. 306(c)(1). The filing of the petition within the 30-day limit is jurisdictional. *In re Leonard  R.*, 351 Ill. App. 3d 172, 174 (2004). The jurisdiction of this court attaches only upon compliance with the rules governing appeals. *People v. Salem*, 2016 IL 118693, ¶ 19.

¶ 9    Stewart never filed a petition with this court for leave to appeal pursuant to Rule 306(a)(4); rather, he filed a notice of appeal in the circuit court. This court has no authority to excuse the failure to comply with the filing requirements of the supreme court rules governing appeals. *Id.* Stewart's *pro se* status does not excuse him from complying with appellate procedure set forth in the supreme court rules. *Colekam v. Akpakpan*, 402 Ill. App. 3d 822, 825 (2010).

¶ 10    In summary, we conclude that we have no jurisdiction to entertain the instant appeal pursuant to Illinois Supreme Court Rules 301, 304(a), or 306(a)(4). We also note that the notice of appeal filed by Stewart in the instant case was filed more than 30 days after the entry of the trial court's order of June 28, 2022.

¶ 11    For the reasons stated, we are compelled to dismiss this appeal for want of appellate jurisdiction.

¶ 12    Dismissed.