2023 IL App (2d) 230093-U
No. 2-23-0093
Order filed November 2, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CM-146 |
| CARMELO PINNAVARIA, | ) ) | Honorable Mark R. Gerhardt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss defendant's appeal for lack of jurisdiction because he failed to file a timely notice of appeal either within 30 days of the judgment or within 30 days of the order disposing of the only timely postjudgment motion he filed.

¶ 2    *Pro se* defendant, Carmelo Pinnavaria, purports to appeal from his conviction on two counts of electronic harassment (720 ILCS 5/26.5-3(a)(5) (West 2020)) and from the trial court's denial of several postjudgment motions.  For the reasons that follow, we hold that we lack jurisdiction over this appeal.  Accordingly, we dismiss it.

¶ 3                                    I. BACKGROUND

¶ 4    On September 7, 2022, following a jury trial, defendant was found guilty of two counts of electronic harassment (*id.*). That same day, the trial court sentenced him to concurrent terms of conditional discharge.

¶ 5    On September 27, 2022, defendant filed an 11-page document titled "Petition—Motion Order for Substitution of Judge and Recusal." Defendant asked for substitution of judge and transfer of the case to Kane County "for a fair trial under the law." He also moved for dismissal of the case, claiming various violations of his rights, such as his "*pro se* legal rights," his first amendment rights, his second amendment rights, the "right[ ] to 'Hold in Contemp [*sic*] of Court,' " and his "*Miranda* Rights." He also claimed that the court falsely accused him of being mentally unstable. He sought "[p]unitive damages for [m]ental [a]nguish," "*Pro Se* Fees," "restitution," and "[a]nother relief as the Court deems appropriate." The matter was set for a hearing on January 19, 2023.

¶ 6    In the meantime, defendant filed a series of additional motions: (1) on November 14, 2022, he filed a document titled "Order," asking the trial court to order the State to file an answer to certain documents he had filed before trial; (2) on November 22, 2022, he filed a document titled "Order," asking the court to enter two separate orders against the State for "[o]bstruction"; and (3) on January 17, 2023, defendant filed a document titled "Order," asking the court to enter an order finding in " 'Contempt of Court' " certain individuals who he claimed were subpoenaed to testify but did not appear.

¶ 7    At the outset of the hearing on January 19, 2023, the trial court noted that the matter was set for a hearing on defendant's motion for substitution. Defendant responded no and told the court that there were three open motions. The court advised defendant that it was not going to address the additional motions that defendant had filed, because it was "assuming [defendant]

want[ed] some other judge" to address them. The court explained that if defendant's motion for substitution were granted, the court would not be handling the additional motions. The court asked whether defendant wished to go forward with the motion for substitution, and defendant stated that he wanted to "cancel" it. The court next inquired, "So we're all clear, [defendant], how many current motions are pending?" Defendant responded, "Right now three." Thereafter, the court confirmed with defendant the three pending motions—filed November 14, 2022, November 22, 2022, and January 17, 2023—and then granted the State time to respond. The matter was set for hearing on March 10, 2023, and the September 27, 2022, motion for substitution was withdrawn.

¶ 8 Before the hearing, on March 1, 2023, defendant filed a fourth motion. In it, he averred that the State failed to respond to his three pending motions within 21 days. Further, he asserted that he "withdrew the Substitution of Judge and not the motion to transfar [*sic*] the case to another jurisdiction for a fair trial." He also sought "[l]eave to grant and enter an order for 'Expungement' of the order entered on September 9, 2022," and "[l]eave to file a counterclaim against the State" and others. Finally, he sought "an order for re-trial for what is stated above."

¶ 9 At the outset of the hearing on March 10, 2023, defendant, with standby counsel, advised the trial court that he was ready to proceed on "four motions." The court asked to confirm each motion with defendant. Defendant agreed that he wished to proceed on the motions filed on November 14, 2022, November 22, 2022, January 17, 2023, and March 1, 2023. The court inquired, "Other than the four motions that we just talked about, are all the other motions since September 7, 2022, withdrawn?" Concerning the motion filed on September 27, 2022, defendant agreed that he had withdrawn the motion on January 19, 2023, but only "the part for substitution of judge but not to move the case to another jurisdiction." When the court asked, "How do you withdraw part of a motion," defendant replied, "Okay. I'll file it." He explained that he had made

a "mistake" in that he "did not file subsequently a separate motion *** to move the case to another jurisdiction." The court reviewed the September 27, 2022, motion and stated that it "ask[s] to transfer the trial" but that "[t]he trial ended *** before th[e] motion was filed." Defendant explained, "[I]t means that if this Court grants a new trial, to move this case to another jurisdiction." When the court inquired as to whether defendant had filed a motion for a new trial, defendant directed the court to his March 1, 2023, motion, which, he noted, sought "leave to grant and enter an order for retrial." Thereafter, the following colloquy occurred:

"THE COURT: *** But to revisit the question I mentioned earlier, it's my understanding based on what I thought and the conversation we just had that there are only four motions pending and the others have been withdrawn; is that correct?

[DEFENDANT]: Yes, your Honor.

THE COURT: Okay. And as you pointed out, the March 1st motion requests a new trial.

[DEFENDANT]: Yes, your Honor."

¶ 10    Thereafter, the trial court allowed defendant to argue each of his four motions. In response, the State argued that the court did not have jurisdiction, because the only timely-filed motion had been withdrawn and the March 1, 2023, motion for a new trial was not filed within 30 days of the judgment.

¶ 11    The trial court ruled as follows:

"[Defendant], I appreciate your passion and your diligence in pursuing what you believe is your cause. However, there are rules that I am required to follow and one of them [the State] alluded to. Following the finding of guilty after the trial and upon sentencing on September 3rd [*sic*], you had 30 days from that day to challenge any part of

the sentence or sentencing hearing you so wished. You failed to do so. You also had 30 days either after the hearing and/or denial of that or within 30 days of the end of the case, September 7th, that is, to file a motion for a new trial. That was the timeline.

All of the motions that we've talked about today have been filed well beyond 30 days, which is when the Court lost jurisdiction over this matter. The Court only retains jurisdiction of this matter to enforce court orders, which most pertinently would be the September 7th sentencing order.

Therefore, all your orders—excuse me—all your motions are denied. I do not have the power to act. I do not have jurisdiction over them. I have to follow those rules, and I cannot—I'm not allowed to, by law, to grant any of your requests because I do not have the power to do so."

¶ 12    On March 13, 2023, defendant filed a "Motion of Leave to grant and enter an order for re-hearing, recusal, and vacate Court order from March 10, 2023." On March 16, 2023, the trial court denied the motion.

¶ 13    On March 17, 2023, defendant filed his notice of appeal. Defendant's notice of appeal and brief suggest he is challenging not just his conviction on September 7, 2022, but also the denial of the postjudgment motions he filed on September 27, 2022, November 14, 2022, November 22, 2022, January 17, 2023, March 1, 2023, and March 13, 2023.

¶ 14                                II. ANALYSIS

¶ 15    Defendant generally contends that the "[t]rial [c]ourt has violated the right to due process and equal protection." He claims the trial court erred in requiring him "to follow the same rules and protocols as an attorney." He accuses the court of "commit[ing] multiple violations of the Code of Judicial Conduct." He accuses the court of committing a "[h]ate crime" against him and

of negligently and intentionally causing him "emotional distress." He argues that the court "colluded" with the State and committed various evidentiary errors during trial. He argues that a detective involved in the case violated his fifth amendment rights. He asserts that the court misinterpreted the law, misrepresented the facts, and misapplied legal procedures. He asks that we "Transfer to Federal Court for retrial and proper Jurisdiction due to violation of Code of Judicial Conduct."

¶ 16 The State argues that we should strike defendant's brief and dismiss this appeal because defendant has failed to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the contents of an appellant's brief. For instance, defendant failed to include a proper statement of points and authorities (Rule 341(h)(1)), a proper introductory paragraph (Rule 341(h)(2)), a proper statement of the issue with our standard of review (Rule 341(h)(3)), a proper statement of this court's jurisdiction (Rule 341(h)(4)(ii)), a proper statement of facts (Rule 341(h)(6)), a proper argument with citation to relevant authority (Rule 341(h)(7)), or an appendix per Illinois Supreme Court Rule 342 (Ill. S. Ct. R. 341(h)(9) (eff. Oct. 1, 2020); see Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). Alternatively, the State contends that defendant's arguments are meritless.

¶ 17 We note that the State does not challenge our jurisdiction. Nevertheless, we have a duty to consider our jurisdiction *sua sponte* and dismiss the appeal if jurisdiction is lacking. *People v. Walker*, 395 Ill. App. 3d 860, 863 (2009). We do so now.

¶ 18 " '[A]n appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction.' " *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 2, (quoting *In re J.T.*, 221 Ill. 2d 338, 346 (2006)). Illinois Supreme Court Rule 606(b) (eff. Mar. 12, 2021) sets out the timing for the perfection of an appeal in a criminal case:

"Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."

¶ 19 Here, defendant's September 7, 2022, conviction became a final judgment when the trial court imposed sentence that same day. See *People v. Abdullah*, 2019 IL 123492, ¶ 19 (in a criminal case, the final judgment is the sentence). Thus, under the plain language of Rule 606(b), defendant was required to file his notice of appeal within 30 days of September 7, 2022, or, if a timely postjudgment motion directed against the judgment was filed, within 30 days of the entry of the order disposing of that motion. Because defendant filed his notice of appeal on March 17, 2023— over six months after the final judgment—it could not have been timely unless there was a tolling of the time for appeal.

¶ 20 Under Rule 606(b), to toll the time for appeal, a postjudgment motion must be (1) timely filed and (2) directed against the judgment. See *People v. Salem*, 2016 IL 118693, ¶ 13; *Orahim*, 2019 IL App (2d) 170257, ¶ 5; Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021). Of the many postjudgment motions filed by defendant, only one was filed within 30 days of the final judgment: the September 27, 2022, motion. That motion was a miscellany of claims and requests for relief, some of which (*e.g.*, the request for substitution of judge) clearly were not directed against the September 7, 2022, judgment, and some of which (*e.g.*, the claims of violation of constitutional rights) potentially were**.** However, regardless of whether that motion was directed against the September 7, 2022, judgment, the March 17, 2023, notice of appeal was untimely.

¶ 21 First, if the September 27, 2022, motion was not directed against the judgment, then the time for appeal was never tolled, and the notice of appeal—filed over six months later—was

obviously untimely. Alternatively, if the motion was directed against the judgment, thus tolling the time for appeal, the notice of appeal would be due "within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021). The trial court's January 19, 2023, order acknowledging defendant's withdrawal of the September 27, 2022, motion was the order disposing of that motion. Therefore, the notice of appeal was due 30 days from January 19, 2023. It was not filed within that time, either. Therefore, the notice of appeal was untimely, and we lack jurisdiction over this appeal.

¶ 22    We have settled the issue of our jurisdiction without determining whether the trial court was correct in finding that it lacked jurisdiction over the motions filed on November 14, 2022, November 22, 2022, January 17, 2023, and March 1, 2023. Even if the trial court had jurisdiction over those motions, they were still untimely for the purpose of determining our jurisdiction. See *Salem*, 2016 IL 118693, ¶ 13 ("the trial court has jurisdiction to consider untimely motions").

¶ 23                              III. CONCLUSION

¶ 24    For the foregoing reasons, we lack jurisdiction over this appeal from the circuit court of McHenry County. Accordingly, we dismiss the appeal.

¶ 25    Appeal dismissed.